UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:13-cv-00248-JAW |
| | ) | |
| SOMERSET COUNTY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

James Stile has filed a prisoner civil rights complaint naming over thirty individuals connected with the Somerset County Sheriff's Department, as well as the county itself and numerous Jane and John Doe defendants.  Additionally, he has named the State of Maine and the Maine State Board of Corrections as defendants, presumably on the theory that the State of Maine and its agencies have supervisory authority over the county facility.  (Complaint ¶¶ 12-13.) Because a state and its agencies are immune from liability for monetary damages and because Stile's complaint seeks such monetary damages from the State of Maine (id. at 22, ¶ 3), I recommend that the court summarily dismiss the two state defendants pursuant to the screening function set forth in 28 U.S.C. § 1915A(b)(2).

To the extent the complaint names as separate defendants the State of Maine and one of its agencies, the Maine State Board of Corrections, and seeks monetary damages from both defendants, it fails to state a claim because such claims run afoul of the State's sovereign immunity.  See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 384 (1998);  Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985);  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67-70 (1989). Nor does the State of Maine or its agencies fall within the statutory definition of "person" under 42 U.S.C. § 1983.  Will, 491 U.S. at 64-66.  Stile's claim against the State of Maine simply

cannot be brought in this court.   Therefore, I recommend the summary dismissal of these two

defendants.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 18, 2013                                        /s/ Margaret J. Kravchuk
                                                                    U.S. Magistrate Judge