UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00248-JAW |
| | ) | |
| SOMERSET COUNTY, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

Plaintiff James Stile seeks to join as party defendants seventeen individuals who served as corrections officers during his detention at the Somerset County Jail. During an August 4, 2014, telephonic conference, the Court consolidated four of the filings (ECF Nos. 50, 59, 68, and 71, collectively referred to herein as Motion to Amend) by which filings Plaintiff requested the amendment. (ECF No. 84) Defendants oppose the request.

After reviewing the parties' filings and after consideration of the parties' arguments, the Court grants in part and denies in part Plaintiff's Motion to Amend.

### PROCEDURAL AND FACTUAL BACKGROUND

In October 2011, Plaintiff was arrested on charges of Robbery of Controlled Substances in violation of 18 U.S.C. § 2118(a), and other offenses. In November 2011, this Court ordered Plaintiff detained pending trial. Committed to the custody of the Attorney General, Plaintiff was placed in the Somerset County Jail pending trial on the federal charges. On January 30, 2012, following Plaintiff's motion requesting that he be detained at another facility, the United States Marshall moved Plaintiff to the Cumberland County Jail. This civil action concerns events that occurred during Plaintiff's detention at the Somerset County Jail (SCJ).

In his proposed amended complaint,[1] Plaintiff asserts the deprivation of his rights to due process, equal protection, and access to counsel, and of his right to be free from excessive use of force. Plaintiff complains of "repeated daily strip searches and visible body cavity searches" and "four point restraints" every time he left his cell, discrimination based on disability, assault and battery, and negligence. (PAC at 3.) The corrections officer defendants (both existing and proposed defendants) were employed at the SCJ during the period of Plaintiff's detention. (*Id.* ¶ 4.)

On December 20, 2011, Plaintiff was involved in an altercation with an inmate, Ernest Almeida. Inmate Almeida is a relative of Corrections Officer (CO) Almeida. According to Plaintiff, following the altercation, CO Almeida and CO Meunier conspired to harass Plaintiff by awakening him every 15 minutes; other correction officers participated in harassing behavior, which included waking Plaintiff and stripping Plaintiff of his blanket so he would be too cold to get restful sleep; and "the defendants" seized all of Plaintiff's legal papers and stripped Plaintiff of all bedding and clothing. (*Id.* ¶¶ 22-23.)

Plaintiff also contends that Defendants subjected him to multiple daily strip and visual body cavity searches for purposes of intimidation. (*Id.* ¶ 24.) In addition, after two defendants spit in and otherwise threatened to adulterate Plaintiff's food, Defendants refused to provide Plaintiff his meals in a secure manner, and, as a result, Plaintiff allegedly stopped eating for more than 30 days. (*Id.* ¶¶ 25-26.) Plaintiff further maintains that on December 26, 2011, when Plaintiff refused to relinquish his blanket, "many" of the defendants participated while Plaintiff was sprayed

---

[1] The facts are derived from Plaintiff's most recent Proposed Amended Complaint ("PAC," ECF No. 71-1), which facts are deemed true when evaluating Defendants' assertion that Plaintiff's Motion to Amend fails to state a claim against the newly proposed individual defendants. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998). The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate.

with a chemical agent, shocked with an electrical shield, beaten, and dragged to a suicide cell where he was left unclothed and uncontaminated for days without bedding, without protection from the cold air, and without his glasses and legal papers. (*Id.* ¶ 27.)

Plaintiff asserts that as the result of the abuse, which aggravated preexisting spinal injuries, Plaintiff became disabled and unable to walk. Nevertheless, Defendants required him to walk in order to meet with counsel or use the phone. (*Id.* ¶¶ 28, 31.) Plaintiff alleges that daily, corrections officers would enter Plaintiff's cell dressed in helmets and protective clothing that obscured their identities and instructed Plaintiff to stand and walk. If he did not do as instructed, the officers allegedly would prod him with electrical shocks, and eventually drag Plaintiff from the cell. This treatment continued for more than a month. (*Id.* ¶¶ 29, 31, 32.)

In his pleadings, Plaintiff maintains that Defendants gratuitously inflicted pain on Plaintiff by placing him in a restraint chair and forcing his head down toward his knees, knowing from Plaintiff's complaints that this caused him severe back pain; placed Plaintiff in cold showers and denied him a towel, bedding, or clothing so that he shivered in his cell; routinely stepped on Plaintiff's bare feet and yelled at him to walk; clothed Plaintiff only in a "turtle suit," which exposed his privates to female jail staff; refused Plaintiff's requests for hydration and did not inform the Court or counsel of the "ongoing dilemma" to avoid revealing the abuse; refused to provide Plaintiff with his glasses or any newspapers throughout his confinement; and conducted disciplinary hearings without Plaintiff present and assessed monetary fines of over $500, which funds they took from Plaintiff's account. (*Id.* ¶¶ 34, 35, 37, 45, 48, 50.)

In Plaintiff's original complaint, filed July 1, 2013, Plaintiff named most, but not all, of the corrections officers whom he believes were involved in the deprivation of his rights.

Subsequently, Plaintiff filed the pleadings that the Court has consolidated as Plaintiff's Motion to Amend.

On July 8, 2014, Plaintiff filed a motion to stay proceedings, which motion the Court granted, but scheduled a telephonic conference for August 4 to assess whether the stay would continue in effect. (ECF No. 78.) During the August 4 telephonic conference, Plaintiff withdrew his request for a further stay. Plaintiff also asserted that he did not wish to pursue in this action claims against some of the named defendants. More specifically, Plaintiff represented that he wished to dismiss from this case his claims against the medical defendants and that he also did not wish to proceed against proposed defendant CO Simonds. At the conclusion of the conference, the parties agreed that the Motion to Amend is now in order for disposition.

### PLAINTIFF'S MOTION TO AMEND

As orally modified by Plaintiff during the August 4 telephonic conference, the complete list of proposed new defendants, identified by last name only, is as follows: Baldinelli, Richards, Cunningham, Mayhew, Karwarski, Soares, Morrow, Milligan, Bussell, Gillian, Carson, Smith, Lightbody, McLaughlin, Welch, Whitney, Hapworth. The defendants are in addition to the many corrections officers, the jail administrator, the sheriff, and the County, named as defendants in Plaintiff's original complaint.

### DISCUSSION

Defendants argue that Plaintiff's Proposed Amended Complaint (PAC) fails to set forth the minimum allegations necessary to notify the proposed defendants of what the bases of Plaintiff's claims are and, therefore, the PAC fails to state a claim for which relief may be granted. (May 15, 2014 Objection at 2; June 4, 2014 Objection at 2-3.)

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. When a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.* [2] Justice does not require that leave to amend be granted when a proposed amended complaint fails to state a claim for which relief may be granted, making the proposed amendment "futile." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

To determine whether Plaintiff's PAC states a claim or is futile, the Court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To demonstrate the existence of a non-futile claim, the plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the newly proposed defendants are legally responsible for the claim(s) at issue. *Id.*

Civil rights claims are not subject to a heightened pleading requirement. Plaintiff need only include in his PAC "enough detail to provide a defendant with 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 12 (1st Cir.2011) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Additionally, Plaintiff's PAC must "show" through some factual allegations that he has "a right to relief above

---

[2] The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. See *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). However, the last court-established deadline for amendment of the pleadings was February 20, 2014 (ECF No. 48). Although that deadline has passed, Plaintiff initially sought to amend the scheduling order on February 18, 2014, and the matter has been pending since that time.

the speculative level on the assumption that all the allegations in the complaint are true." *Id.* Accepting as true all of Plaintiff's factual allegations, both the existing CO defendants and the proposed CO defendants jointly participated in a course of conduct that included, among other things, routine infliction of a significant degree of force without provocation coupled with the denial of humane conditions of confinement. These allegations suffice to provide fair notice to the individual defendants of at least two claims,[3] and the "grounds upon which [they] rest." *Id.* Plaintiff has also asserted facts that support "a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*

### CONCLUSION

Based on the foregoing analysis, the Court grants in part and denies in part Plaintiff's Motion to Amend (ECF Nos. 50, 59, 68 and 71). The Court authorizes Plaintiff to proceed against the individuals identified in the Motion to Amend except the "medical defendants" and CO Simonds. On or before August 22, 2014, Plaintiff will file his Amended Complaint in the form of the Proposed Amended Complaint that he filed on May 19, 2014 (ECF No. 71-1), but shall omit from his Amended Complaint the medical defendants and CO Simonds.

*So Ordered.*

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th the day of August, 2014

---

[3] Because Defendants' opposition is premised on the notion that Plaintiff failed to state any claim whatsoever against the proposed defendants, the Court does not address at this time the issue of whether any other claim in Plaintiff's PAC is stated adequately.