UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00248-JAW |
| | ) | |
| SOMERSET COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL**
**(ECF No. 234)**

The matter is before the Court on Plaintiff's renewed request that the Court disqualify defense counsel, Peter Marchesi and Cassandra Shaffer. Plaintiff contends that disqualification is warranted because counsel trained Defendants on the use of force, and because counsel tampered with evidence regarding four DVDs that contained video footage. (ECF No. 234.)

As explained below, following a review of Plaintiff's motion and after consideration of the parties' arguments, the Court denies the motion.

**Background**

In this action, Plaintiff alleges, inter alia, that Defendants, most of whom are or were corrections officers employed at the Somerset County Jail, subjected Plaintiff to excessive force during Plaintiff's pretrial detention in the jail. As part of his claim, Plaintiff asserts that Defendant Somerset County is legally responsible for the deprivation of his constitutional rights as the result of the County's failure to train the individual Defendants on the use of force.

On May 21, 2015, the Court denied Plaintiff's motion to remove defense counsel. (ECF No. 226.) Plaintiff's renewed request, captioned as a supplemental memorandum, is in effect a motion for reconsideration. The relevant facts follow.

In the past, using a lecture format with a Power Point presentation, counsel have trained some or all of the Defendants. Through discovery, counsel have provided to Plaintiff a collection of slides used in the Power Point presentation. The information reflects that counsel trained Defendants on liability prevention, the difference between Defendants' obligations to pretrial detainees and their obligations to convicted inmates, and the need for a corrections officer to maintain emotional control when interacting with inmates. (See PageID # 1518.)

In addition, according to Plaintiff, four of the DVDs produced to him in discovery, which DVDs contained "the most violent videos of cell extractions" ever supplied to Plaintiff through discovery, "were never intended to be given to the Plaintiff." (PageID # 1525.) In support of this argument, Plaintiff cites that the four DVDs, unlike the other DVDs disclosed in discovery, were not Bates stamped.[1] (*Id.*) Plaintiff contends that because other video recordings of "worse" treatment have never surfaced and because the four DVDs were not stamped, counsel and Defendants have suppressed discoverable evidence. (*Id.*) Plaintiff plans to call counsel as witnesses in this action to address training and to establish a record to support his contention that Defendants engaged in evidence suppression and tampering.

Defendants argue that testimony from counsel is not necessary, that the nature and content of any training can be established through other witnesses and evidence, and that disqualification at this date would impose a hardship on Defendants. (Objection to Plaintiff's Second Motion for

---

[1] Alternatively, Plaintiff's theory is that counsel omitted Bates stamps to prevent Plaintiff from introducing in evidence at trial the video recordings on the DVDs. Plaintiff does not explain how video evidence produced by Defendants in discovery would be inadmissible at trial simply because of the omission of Bates stamps.

Removal of Defense Counsel Wheeler & Arey, P.A. at 2 – 3, 4, ECF No. 240.)  As to Plaintiff's allegation of evidence tampering, Defendants assert that whether a document has a Bates stamp is immaterial, and that Defendants produced the DVDs when Plaintiff requested them in discovery in this case.[2]  (*Id.* at 3 – 4.)  Defendants alternatively request that in the event the Court views Plaintiff's request favorably, the Court permit counsel to remain on the case through summary judgment.  (*Id.* at 4, citing *Culebras Enter. Corp. v. Rivera–Rios*, 846 F.2d 94, 101 (1st Cir. 1988)).

## Discussion

Disqualification of counsel by court order "is almost never cut-and-dried." *In re Bushkin Assocs., Inc.*, 864 F.2d 241, 246 (1st Cir. 1989).  The district court has "wide discretion" and the determination "ordinarily turns on the peculiar factual situation of the case then at hand." *Id.* (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 377 (1981)). Various circumstances may give rise to a need to consider disqualification motions.  By way of example, the First Circuit has observed:

> It may be necessary, for instance, to assess the degree to which a lawyer's presence might taint the trial; the court's need to protect the integrity of the judicial process, enforce its rules against transgressors, and maintain public confidence in the legal profession; the litigants' interest in retaining counsel of their choosing; and the availability and relative efficiency of other sanctions.

*Id.*  A particular concern arises when a party intends to call counsel as a witness at trial.

> The principal ethical considerations to a lawyer testifying on behalf of his client regarding contested issues are that the client's case will "be presented through the testimony of an obviously interested witness who is subject to impeachment on that

---

[2] In June 2012, Plaintiff commenced in Maine Superior Court a proceeding under Rule 27 of the Maine Rules of Civil Procedure. (Petition for Discovery, ECF No. 240-2.) On April 18, 2013, the undersigned, while serving as a justice of the Maine Superior Court, entered an order dismissing the petition, noting, inter alia, that Plaintiff was then a party to a federal action and that, therefore, his assertion that he could not bring a civil action without discovery under Rule 27 was unavailing. (Decision and Order, ECF No. 240-1.)  It is therefore unsurprising that Plaintiff should have received the four DVDs for the first time on December 13, 2013, in connection with his discovery requests in this case, commenced July 1, 2013.  Moreover, the fact that Attorney Shaffer's only DVD production on that date was limited to the four DVDs in question tends to undermine Plaintiff's suggestion that the disclosure of these particular DVDs was not intended, or his contention that the DVDs were produced pursuant to Plaintiff's state court petition for discovery. (Letter enclosing discovery responses, ECF No. 240-3.)

account; and that the advocate is, in effect, put in the unseemly position of arguing his own credibility."

*Siguel v. Allstate Life Ins. Co.,* 141 F.R.D. 393, 396 (D. Mass. 1992) (quoting ABA Comm. on Ethics and Professional Responsibility, Formal Op. 339 (1975)). "When the attorney is called to the stand by his client's opponent, the concerns are just as substantial, if not more." *Ahern v. Scholz*, 85 F.3d 774, 791 (1st Cir. 1996) (noting Model Rule of Professional Conduct 3.7). In either situation, there is a "danger that the performance of the dual roles of counsel and witness will create confusion on the jury's part …, 'raising the possibility of the trier according testimonial credit to [counsel]'s closing argument,' … or, conversely, weighing the testimony as if it were argument." *Ahern*, 85 F.3d at 792 (quoting *United States v. Johnston,* 690 F.2d 638, 643 (7th Cir. 1982)).[3]

As the proponent of disqualification, Plaintiff must demonstrate that the testimony of counsel is necessary in his case. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, __ F. Supp. 3d ___, No. 1:13-cv-00816, 2015 WL 5172842, at *6 (S.D.N.Y. Sept. 4, 2015); *Morin v. Me. Educ. Ass'n*, 2010 ME 36, ¶ 10, 993 A.2d 1097, 1100. The mere assertion that the testimony would be relevant to an issue in the case is insufficient. *Adrion v. Knight*, No. 1:07-cv-11277, 2008 WL

---

[3] Maine Rule of Professional Conduct 3.7, which addresses the circumstances under which a lawyer involved in a case can serve as a witness, is consistent with the model rule. The Rule provides in pertinent part:

(a) A lawyer shall not act as advocate at a tribunal in which the lawyer is likely to be a necessary witness unless:

  (1) the testimony relates to an uncontested issue;

  (2) the testimony relates to the nature and value of legal services rendered in the case; or

  (3) disqualification of the lawyer would work substantial hardship on the client.

….

Me. R. Prof. Conduct 3.7(a).

5111084, at *3 (D. Mass. Dec. 4, 2008). To succeed, he must prove that the proposed testimony is "relevant, material, not merely cumulative, and unobtainable elsewhere." *Id.* In addition to proving that the testimony is necessary, Plaintiff must show that denying him the opportunity to elicit the testimony would prejudice his case. *John Wiley & Sons,* 2015 WL 5172842, at *7 – 8; *Morin*, 2010 ME 36, ¶ 10, 993 A.2d at 1100. When evaluating a request for disqualification, a court must be "mindful that motions for disqualification are 'capable of being abused for tactical purposes, and … justifiably wary of this type of strategic maneuvering.'" *Morin*, ¶ 8 (quoting *Casco N. Bank v. JBI Assocs.*, 667 A.2d 856, 859 (Me. 1995)).

In this case, Plaintiff's contention that counsel's testimony is necessary on the training issue is unconvincing. To the extent that the nature and substance of Defendants' training are pertinent to Plaintiff's claims, Plaintiff can present relevant evidence from a variety of other sources, including testimony of Defendants, testimony of other jail and county personnel, and the training-related documents produced in discovery. Counsel's testimony, at most, would be cumulative. In addition, Plaintiff has presented no persuasive record evidence to support his assertion that counsel tampered with any evidence.

## Conclusion

Based on the foregoing analysis, the Court denies Plaintiff's request for oral argument, and denies Plaintiff's motion to disqualify defense counsel (ECF No. 234).

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of October, 2015.