UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES STILE, | ) |
|       Plaintiff, | ) |
| v. | )   1:13-cv-00248-JAW |
| SOMERSET COUNTY, et al., | ) |
|       Defendant. | ) |

**ORDER DENYING APPEAL OF MAGISTRATE JUDGE DECISION**

The Court rejects James Stile's appeal of the Magistrate Judge's order denying his motion to disqualify defense counsel and his claim that defense counsel tampered with evidence. Regarding disqualification, Mr. Stile claims that because defense counsel gave legal seminars to the Somerset County defendants, the lawyers will be necessary witnesses in his failure-to-train theory of liability against the County defendants. The Court concludes that there are alternative means of presenting evidence of the lawyer seminars without calling the lawyers as witnesses and, in any event, disqualification would not be warranted during the discovery phase of the case. Regarding evidence tampering, though forcefully expressed by Mr. Stile, the Court concludes that there is simply nothing to the claim of evidence tampering.

I.    **BACKGROUND**

    A.    **Procedural Background**

On March 9, 2015, James Stile moved for an order removing Peter Marchesi of Wheeler & Arey as defense counsel for the Somerset County Defendants in this case.

*Mot. for Removal of Defense Counsel Wheeler & Arey P.A.* (ECF No. 201). On May 21, 2015, the Magistrate Judge conducted a telephone conference and denied the motion. *Report of Tel. Conf. and Order* (ECF No. 226). In his report of the telephone conference, the Magistrate Judge explained that he was "not convinced on this record that counsel should be disqualified." *Id.* at 3.

On June 29, 2015, Mr. Stile filed what he described as a supplemental motion to compel defense counsel Wheeler & Arey and Peter Marchesi to withdraw as defense counsel. *Pl.'s Suppl. Mem. Regarding Pl.[']s Mot. for Defense Counsel Wheeler & Arey P.A., Peter Marchesi Esq. to Withdraw from Above-Docketed Litigation* (ECF No. 234) (*Pl.'s Suppl. Mot.*). On July 20, 2015, the Defendants represented by Wheeler & Arey objected to the June 29, 2015 motion. *Obj. to Pl.'s Second Mot. for Removal of Defense Counsel Wheeler & Arey, P.A.* (ECF No. 240) (*Defs.' Obj. I*). On October 8, 2015, Mr. Stile replied to the Defendants' response. *Pl.'s Reply to Defs.['] Resp. to Pl.[']s Mot. for Defense Counsel Whee[l]er & Arey P[.]A. to Withdraw from Case* (ECF No. 265) (*Pl.'s Reply I*). On October 30, 2015, the Magistrate Judge denied Mr. Stile's June 29, 2015 motion. *Order on Pl.'s Mot. to Disqualify Defense Counsel (ECF No. 234)* (ECF No. 268) (*Order*).

On December 3, 2015, Mr. Stile objected to the Magistrate Judge's ruling. *Pl.'s Obj. to Magistrate's Ruling Pursuant to Rule 72 of Fed. Civil Procedure Rules* (ECF No. 289) (*Pl.'s Obj.*). On December 4, 2015, Mr. Stile filed a clarification of his objection, inserting corrected ECF numbers. *Suppl. to Pl.'s Opp'n Dated Nov. 30, 2015* (ECF No. 290). On December 14, 2015, the Defendants represented by Wheeler

2

& Arey filed an objection to Mr. Stile's objection to the Magistrate Judge's Order. *Resp. to Pl.'s Obj. to Magistrate's Ruling on Pl.'s Mot. for Removal of Defense Counsel Wheeler & Arey, P.A.* (ECF No. 303) (*Defs.' Obj. II*). On January 4, 2016, Mr. Stile replied to the Defendants' response. *Reply to Defs['] Resp. to Pl.[']s Objection to Magistrate's Ruling on Pl.'s Mot. for Removal of Defense Counsel Wheeler & Arey, P.A.* (ECF No. 311) (*Pl.'s Reply II*).

### B. James Stile's Positions

In his lawsuit against Somerset County Defendants, the Court assumes for purposes of this motion that Mr. Stile is claiming he sustained injuries as a result of the use of force at the Somerset County Jail when he was an inmate and that Somerset County is legally liable for those injuries because it failed to adequately train its employees.[1] Mr. Stile says that because members of the Wheeler & Arey law firm participated in training sessions with Somerset County employees, he intends to call them as witnesses at trial. *Pl.'s Obj.* at 5-10.

Mr. Stile's second contention is that defense counsel tampered with evidence. *Id.* at 2-7, 10-16. Initially, Mr. Stile contended that defense counsel turned over four DVDs accidentally evidenced by their lack of Bates stamping, which led him to believe there was a trove of more incriminating DVDs from which these had been mistakenly leaked. *Pl.'s Suppl. Mot.* at 3-4. Mr. Stile seems to have retreated somewhat from that evidence-tampering theory. *Pl.'s Obj.* at 4. Now, as the Court understands it,

---

[1] The Court is not at all certain that this theory of liability is spelled out in the operative pleading, the Final Amended Complaint. *Final Am. Compl.* (ECF No. 92). However, the parties have proceeded on the assumption that the Final Amended Complaint raised the training question, and the Court assumes for purposes of this motion that it does.

3

he contends that defense counsel tampered with evidence by strategically revealing the four DVDs in a state case in order to keep them out of this case.  *See, e.g.*, *id.* at 4; *Pl.'s Reply I* at 3-4; *Pl.'s Reply II* at 2.

## II.   DISCUSSION

### A.   Standard of Review

Whether a lawyer should be disqualified from representation of a client or clients is a non-dispositive matter.  Under Federal Rule of Civil Procedure 72(a), this Court reviews a non-dispositive order of the Magistrate Judge to determine whether it is "clearly erroneous" or "is contrary to law."  FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law.  *PowerShare v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

### B.   The Advocate-Witness Rule

In resolving cases in which the so-called advocate-witness rule is an issue, the First Circuit has written that "a district court must strike a balance between a party's right to select the lawyer of his preference and the objectives of the advocate-witness rule under the facts in the particular case."  *Culebras Enters. Corp. v. Rivera-Rios*, 846 F.2d 94, 97 (1st Cir. 1988) (citations omitted).  Here, the Court is well satisfied that the Magistrate Judge properly denied the motion to disqualify defense counsel.  Mr. Stile's motion is premature.  *See Neelon v. Krueger*, 2015 U.S. Dist. LEXIS 24829, at 3 (D. Mass. Mar. 2, 2015) (quoting *Culebras*, 846 F.2d at 99-100 n.9) ("[W]e do not

4

believe that the Rule 3.7 bar against being an 'advocate at a trial' normally prohibits a witness-attorney from acting as counsel in pretrial discovery"). Furthermore, the Court agrees with the Magistrate Judge that Mr. Stile has failed to demonstrate that the Wheeler & Arey attorneys are necessary witnesses, that their personal knowledge is relevant to the issues at trial, or that there are no alternative means to present the same evidence without disqualifying current defense counsel. *See Order* at 3-5.

### C. Tampering with Evidence

The Court reviewed Mr. Stile's argument that defense counsel engaged in evidence tampering with regard to four DVDs and attempted to suppress discoverable evidence. *Pl.'s Obj.* at 2-4. It also reviewed, as Mr. Stile requested, his reply to defense counsel's response to his motion for withdrawal, as well as the Exhibits C-1 and C-2 attached to that reply. *Pl.'s Reply I*; *Id.* Attach. 4 *Letter from Cassandra S. Shaffer to James Stile* (Dec. 13, 2013) (ECF No. 265) (*Dec. 13 Letter*); *Id.* Attach. 5 *Letter from James Stile to Cassandra S. Shaffer* (Dec. 2, 2013) (ECF No. 265) (*Dec. 2 Letter*).

Mr. Stile accuses defense counsel of "mislead[ing]" the Court and Judge Nivison of "misapprehen[ding]" his argument. *Pl.'s Obj.* at 2. It bears mentioning that this Court, too, had to spend considerable time laboring to understand Mr. Stile's argument. As best as the Court can piece it together, Mr. Stile's allegation is that defense counsel provided the four DVDs in discovery in a separate state-court action as a means of keeping the DVDs from being discovered in this federal case. In other

words, he alleges defense counsel revealed the DVDs elsewhere to avoid providing them in discovery here.

Mr. Stile bases his allegation on two letters. On December 2, 2013, Mr. Stile wrote to Cassandra Shaffer, an attorney at Wheeler & Arey, "request[ing] that [she] provide the identities and addresses of the unnamed John and Jane Does of the above referenced matter [i.e., cv-12-038, the state-court action] . . . ." *Dec. 2 Letter* at 1. On December 13, 2013, Ms. Shaffer wrote back to Mr. Stile: "I received your letter dated December 2, 2013. I am treating your letter as your first request for production of documents. . . . Enclosed please find the following records: . . . 4 DVD's containing video files from Somerset County." *Dec. 13 Letter* at 1.

The parties dispute whether defense counsel's providing the the DVDs to Mr. Stile was relevant to the state or federal case. Mr. Stile stresses that defense counsel's December 13 letter disclosing the DVDs came in response to his December 2 letter about the state case, which he asserts was ongoing because, inter alia, the state court had dismissed only one petition, not the entire case.² *Pl.'s Reply I* at 3. This leads Mr. Stile to what is perhaps the clearest articulation of his evidence-tampering argument: defense counsel "attempt[ed] to bury the videos in question in the discovery of docket cv-12-038, and keep them out of [the federal case]." *Id.* at 3-4. By providing the DVDs in the state case, Mr. Stile surmises, defense counsel thought they had "allowed the proverbial 'wasps nest' to remain undisturbed in

---

² In particular, Mr. Stile accuses defense counsel of "intentionally attempt[ing] to mislead this Court to believe the case was dismissed when in reality, the Petition was dismissed . . . . The case was also filed under the same docket number cv-12-038 and later converted to cv-13-27 as a 'pre-litigation screening panel' action pursuant to Rule 80(H)." *Def.'s Reply I* at 3 (emphasis in original).

docket cv-12-038." *Id.* at 5. The Court scoured Mr. Stile's more recent filings in an effort to confirm its interpretation of his evidence-tampering argument, and it believes it has done so. For instance, in his objection to the Magistrate Judge's ruling, Mr. Stile accused defense counsel of trying "to suppress discoverable evidence . . . by supplying the four DVDs as discoverable materials in another civil docket in Maine State Court." *Pl.'s Obj.* at 4. Furthermore, in his reply to defense counsel's opposition, he writes:

> Plaintiff asserts that the misdirection of the DVD's to state of Maine case cv-12-038 was nothing more than an attempt to pass off the most damning evidence in this current case of 1:13-cv-00248JAW into the state case. Nothing is more convincing than Wheeler & Arey P.A. letter dated December 13, 2013, sent to Plaintiff as a response to his letter dated December 2, 2013 which clearly referenced case cv-12-038. This chain of communication must not be overlooked, as it depicts the truth of why and for which case those DVD's were supplied.

*Pl.'s Reply II* at 2.

Defense counsel see things differently. They point out that "the only issue [in the state case] was discovery of materials before filing suit," that the state case "had been dismissed by the state court months earlier," and that accordingly Mr. Stile "would not have been entitled to any discovery as part of that case." *Def.'s Obj. I* at 3. Given these facts, they considered the December 2, 2013 letter "the first request for production of documents in the case currently before the court and supplied four DVDs containing video files from the Somerset County jail." *Id.* Moreover, defense counsel note that Mr. Stile's December 19 response to their December 13 letter uses the federal case number rather than the state case number, *see id.* Attach. 4 *Letter from James Stile to Cassandra S. Shaffer* (Dec. 19, 2013) (ECF No. 240) (*Dec. 19*

7

*Letter*), which suggests "the reference in the December 2, 2013 letter to CV-12-38 was incorrect and this information was actually requested as part of the current case . . . ." *Id.*

The Magistrate Judge dismissed the evidence-tampering argument by tracing the chronologies of the state and federal cases. In June 2012, Mr. Stile commenced a petition under Maine Rule of Civil Procedure 27, which requires "that the petitioner expects to be a party to an action cognizable in a court of the state but is presently unable to bring it or cause it to be brought." M.R. Civ. P. 27(a); *Order* at 3 n.2. On April 18, 2013, the Maine Superior Court dismissed the petition on the ground that Mr. Stile was then party to a federal case, which necessarily precluded him from claiming under Rule 27 that he was unable to bring a case.[3] *Order* at 3 n.2. "It is therefore unsurprising," the Magistrate Judge concluded, "that Plaintiff should have received the four DVDs for the first time on December 13, 2013, in connection with his discovery requests in this case, commenced July 1, 2013." *Id.*

After reviewing the issue, the Court affirms the Magistrate Judge's ruling and rejects Mr. Stile's evidence-tampering accusation. As the Court sees it, Mr. Stile hangs an implausible theory by a narrow thread. The theory is that defense counsel tampered with evidence by strategically providing discoverable evidence in one case

---

[3]     In the state-court order, addressing Mr. Stile's argument that his incarceration prevented him from bringing a civil lawsuit, then-Justice Nivison wrote: "Indeed, Plaintiff acknowledges that he is currently a party to a federal civil action." *Def.'s Obj. I* Attach. 1 *Decision and Order* (ECF No. 240). Mr. Stile argues that he did not commence this federal litigation until after the state-court order so the state-court order rested on a factual error. *Pl.'s Obj.* at 10. Mr. Stile is correct that he did not file this action until July 1, 2014. *See Compl.* (ECF No. 1). But Mr. Stile has apparently forgotten that as of April 18, 2013, he had a civil action pending in the United States District Court for the District of Maine against Cumberland County. *See Stile v. Cumberland Cty. Jail*, 1:12-cv-260-JAW. In fact, Attorney Shaffer represented the Cumberland County defendants in that case. *Id.*

to keep it out of another, and the thread is that defense counsel disclosed the DVDs in response to a letter referencing the state case rather than the federal case. As to the theory, the Court notes that it is inconsistent with Mr. Stile's earlier theory that the lack of Bates stamping on the DVDs indicated that they had been turned over accidentally. The earlier theory posited that "[t]he lack of the Bates Stamps is testimony in itself that they were never intended to be made part of this case in discovery let alone submitted to the Plaintiff." *Pl.'s Suppl. Mot.* at 3 (quoting *Pl.['] s Reply to Defs.['] Opp'n to Pl.['] s Mot. to Compel by Order Def. Produc. of Disc. Materials and/or Imposition of Sanctions* (ECF No. 179)). There are indications that Mr. Stile has not yet abandoned this theory; in his objection to the Magistrate Judge's order, he writes that "these four DVDs were never intended to be provided as discovery." *Pl.'s Obj.* at 3. At the same time, Mr. Stile presses the argument that the DVDs, rather than being accidentally turned over, were disclosed in a manner designed to bury them in one case so as to keep them out of another.

Overlooking this inconsistency, the Court rejects the factual premise of Mr. Stile's latest theory. The fact that Mr. Stile responded to defense counsel's December 13, 2013 letter six days later designating his response as pertinent to this case—and not to the state case, regardless of whether it was ongoing or had been terminated—belies his claim that he understood the discovery in the context of only the state case. *Dec. 19 Letter* at 1. In this way, the December 19, 2013 letter snaps the thread by which the theory hangs. Moreover, the Court can perceive no legal significance in Mr. Stile's theory given that defense counsel, by their own admission, produced the

9

DVDs intending them to be responsive to this case. *See Defs.' Obj. I* at 3-4; *Defs.' Obj. II* at 3-4. Because defense counsel turned over the DVDs to Mr. Stile, because there is no indication that defense counsel engaged in any trickery or dissimulation in doing so, and because Mr. Stile in fact has the DVDs for the purposes of this case, the Court rejects Mr. Stile's repeated and shifting protestations of evidence tampering.

Finally, the Court observes that Mr. Stile's argument, as the Court understands it, makes no sense. Evidence is evidence. If Mr. Stile learned about the four DVDs in a state proceeding, this would certainly not, by itself, bar their use in a federal trial. In other words, assuming the DVDs that Mr. Stile learned about through discovery in the state case are otherwise admissible in this case, the Defendants would have a most difficult time objecting to their admissibility based on the contention that Mr. Stile obtained them in discovery in a state proceeding.

The Court affirms the Magistrate Judge's ruling.

### III. CONCLUSION

The Court AFFIRMS the Order on Plaintiff's Motion to Disqualify Counsel (ECF No. 234) (ECF No. 268) and DENIES Plaintiff's Appeal of the Magistrate's Judge Decision Pursuant to Rule 72 of Federal Civil Procedure Rules (ECF No. 289).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2016