UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:13-cv-00248-JAW |
| SOMERSET COUNTY, et al., | ) ) ) | |
| Defendants. | ) ) | |
| JAMES STILE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:14-cv-00406-JAW |
| CUMBERLAND COUNTY SHERIFF, et al., | ) ) ) ) | |
| Defendants. | ) | |

**RECUSAL ORDER**

On July 1, 2013, James Stile filed a civil action under 42 U.S.C. § 1983 against Somerset County and a number of other County and some State Defendants, alleging that the Defendants violated his constitutional rights while he was a pre-trial detainee at Somerset County Jail from December 20, 2011, until February 1, 2012. *Compl.* (ECF No. 1) (1:13-cv-00248-JAW). On October 14, 2014, Mr. Stile filed a second civil action under 42 U.S.C. § 1983 against Cumberland County and a number of County Defendants, alleging that the Defendants violated his constitutional rights

while he was a pre-trial detainee at the Cumberland County Jail from February 1, 2012, until January 15, 2013.  *Compl.* (ECF No. 1) (2:14-cv-00406-JAW).

On February 27, 2017, Mr. Stile filed what he termed a "Special Omnibus Motion for Recusal" in both cases.  *Special Omnibus Mot. for Recusal* (ECF No. 414) (1:13-cv-000248-JAW); (ECF No. 183) (2:14-cv-00406-JAW) (*Recusal Mot.*).  The motions are identical and the Court therefore addresses them as one.  To Mr. Stile's motion, he attached nine exhibits that involve encounters Mr. Stile has had with the Magistrate Judge assigned these cases.  Upon the issuance of this Order, the Magistrate Judge will consider the motion separately because Mr. Stile has moved not only for my recusal but also for the Magistrate Judge's recusal.

I would first note that, with one exception, Mr. Stile does not base his motion for recusal on any of my rulings in his two pending civil cases.  There are 414 docket entries in the Somerset County case and 184 in the Cumberland County case.  I have issued fewer than ten orders in each case.  Moreover, with few exceptions, my involvement has been to review orders issued by the Magistrate Judge under either the de novo review or clearly erroneous legal standard.

Mr. Stile complains about one ruling in the Somerset County case in which I affirmed the Magistrate Judge's refusal to disqualify defense counsel.  *Recusal Mot.* at 5 (citing *Order Den. Appeal of Magistrate Judge Decision* (ECF No. 315) (1:13-cv-00248-JAW)).  Although Mr. Stile did not like that ruling, it was an affirmance of a recommended decision from the Magistrate Judge and, having re-reviewed it, I view my affirmance as unremarkable, and I detect no hint of any bias or prejudice against

Mr. Stile.  *See Order Den. Appeal of Magistrate Judge Decision* (ECF No. 315).  In short, I know of no valid reason to recuse myself based on my involvement to date in either civil case, nor has Mr. Stile alleged one.

Instead, Mr. Stile claims that I should recuse myself because I presided over his criminal case.  It is not uncommon for a criminal defendant, who has been convicted and sentenced, to later question the fairness and justice of the process that led to his conviction and incarceration.  Furthermore, a sentencing judge has an obligation to tell a defendant why the judge is imposing a particular term of incarceration, including occasionally making direct and hard comments about the crime the defendant committed.  Here, Mr. Stile admitted that he committed a robbery of controlled substances from a DEA registered pharmacy, a violation of 18 U.S.C. § 2118.  *Minute Entry* (ECF No. 541) (1:11-cr-00185-JAW).  Among other things, he acknowledged that he entered the pharmacy with his "head and face . . . covered with a baseball cap, sunglasses and a dust mask," that he was "wearing purple latex-type gloves and a dark blue jacket with a white horizontal strip on the back," that he "went to the rear of the store and pulled what appeared to be a sawed off shotgun from his pants," that he "pointed what appeared to be a sawed off shotgun at the owner and the three female employees who were behind the pharmacy counter," that he "ordered the three female employees to lie on the floor behind the counter," that he "told the owner of the pharmacy to fill a black bag with narcotics," and that he "tied the hands and feet of [a] customer and the three employees with grey and white zip ties."  *Prosecution Version* (ECF No. 542) (1:11-cr-00185-JAW).

3

This criminal conduct speaks for itself, and Mr. Stile should not have been surprised that I condemned it at his sentencing. Moreover, that I presided over his criminal prosecution is not a proper ground for recusal in a later civil lawsuit. In fact, in the somewhat analogous cases by an incarcerated person under 28 U.S.C. § 2255, the law expressly provides that the petition for post-conviction relief be heard by "the court which imposed the sentence." 28 U.S.C. § 2255(a). More fundamentally, even though Mr. Stile committed a serious crime and merited a serious punishment, this does not mean that he should be mistreated while he is a prisoner. If he is able to establish that he was mistreated, the law provides civil remedies against the individuals who mistreated him and, as a judge, I am sworn to uphold the law. In other words, from my perspective, Mr. Stile's criminal case and his civil cases are unrelated.

For these reasons, I reject Mr. Stile's request for recusal. I start with the premise that judges have a duty to decide the cases that come before them. The First Circuit Court of Appeals has written that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Brody v. Pres. & Fellows of Harvard Coll.*, 664 F.2d 10, 12 (1st Cir. 1981) (quoting *In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961)).

I continue with another premise that judges should not recuse themselves if the basis of the request is a litigant's disappointment in a result. As the United States Supreme Court has written, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994)

(citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *see also United States v. Laureano-Pérez*, 797 F.3d 45, 73–74 (1st Cir. 2015) (quoting *Liteky*).

In short, I see no basis for my recusal, and I DENY James Stile's Special Omnibus Motion for Recusal (ECF No. 414) (1:13-cv-000248-JAW); (ECF No. 183) (2:14-cv-00406-JAW).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2017