| POLICY TITLE: Administrative Segregation Prisoners<br><br>POLICY NUMBER: 7.2<br><br>CHAPTER: 7 Special Management Prisoners | | PAGE 1 OF 3 |
|---|---|---|
| | SOMERSET COUNTY, SOMERSET COUNTY JAIL<br><br>Approved by: ---- Original Signed --------------------<br>Signature of Sheriff<br><br>Approved by: ---- Original Signed --------------------<br>Signature of Jail Administrator | ACA STANDARDS:<br>2A-44, 48, 49, 66<br><br>MSJ STANDARDS:<br>C.6, J.1, J.2 |
| EFFECTIVE DATE:<br>10-1-2008 | LATEST REVISION:<br>12/5/11 | CHECK ONLY IF<br>APA [   ] |

AUTHORITY: Pursuant to M.R.S.A. 30-A, Section 1501, the Sheriff adopts this policy for Somerset County Jail.

CONTENTS:
- A  Authority to Place
- B  Criteria for Placement
- C  Orientation to Unit
- D  Conditions of Administrative Segregation
- E  Review of Status
- F  Release from Administrative Segregation

POLICY: SCJ provides specialized housing for inmates who pose a threat to the security of the facility, or safety to themselves, staff, or others in order to maintain the safe and secure operation of SCJ.

PROCEDURE:

A   Authority to Place (J.01)

1. An inmate may be placed on administrative segregation status by the Assistant Shift Commander or Shift Commander or above ranking staff member, at any time during his/her incarceration based on information received that the inmate is in need of closer supervision, control or protection that is provided for general population.

2. In cases where an Assistant Shift Commander or Shift Commander is not immediately available, staff may take immediate action and then notify the Assistant Shift Commander or Shift Commander immediately after placement. Once the inmate is placed on administrative segregation status on an immediate basis, the Assistant Shift Commander or Shift Commander shall review the reasons for the placement and make a determination as to whether administrative segregation status is justified.

B   Criteria for Placement

1. Placement on administrative segregation status may occur when any one of the following criteria is met:

    a.   The inmate may constitute an escape risk if in a less restrictive status;

    b. The inmate may constitute a threat to the security or orderly management of the facility if in a less restrictive status;
    c. The inmate may pose a threat to the safety of others if in a less restrictive status;
    d. The inmate may pose a threat to his/her own well being if in a less restrictive status, or
    e. The inmate poses a threat to property
    f. The inmate is being investigated for a criminal act (pre-hearing detention).
    g. There may be a threat to the safety or well being of the inmate if not in a less restrictive status.

2. The rationale for the placement must be documented on the Administrative Segregation Status Placement Form (Form 7.2.A) and in IMC during the shift in which the placement occurs.

3. The Supervisor who approved the placement on administrative segregation status shall determine, within the first seventy-two (72) hours, whether the placement was justified and whether the reasons for placement still exists. If that Supervisor determines the placement was not justified or the reasons for the placement no longer exist, he or she shall order the removal of the inmate from administrative segregation status, documenting the removal and the rationale for the removal on the Administrative Segregation Status Placement Form (Form 7.2.A) and in IMC.(2A-44)  In the event that the placing Supervisor will not be available within the 72 hours they will make arrangements to make the determination within the 72 hour window or the inmate will be released from administrative segregation by the Classification Supervisor or appropriate Shift Supervisor at the end of the 72 hours.

4. If the Supervisor who approved the placement on administrative segregation status determines that the placement was justified or the reasons for the placement still exist, he or shall serve the inmate with written notification of the reasons for the placement and the date and time of the initial administrative segregation status review by providing the inmate with a copy of the Administrative Segregation Status Placement Form (Form 7.2.a) and documenting the reasons in IMC.

5. The Supervisor providing the notification shall record the date and time of service of the notice immediately prior to providing the inmate with a copy of the form.

6. The original Administrative Segregation Status Placement Form (Form 7.2.a) and supporting reports shall be forwarded to the Classification Supervisor whether the inmate is retained or released.  Upon the inmate's release from custody the **originals** of the Administrative Status Placement Form, any reviews and/or appeals will be forwarded to the Inmate Property and Records officer for placement into the inmate's Administrative Folder.

**C    Orientation to Unit**

1. The Housing Unit Officer will conduct an orientation of the unit and document it on Form 7.1.B.

2. The Housing Unit Officer will provide an orientation of the Special Management Unit to each inmate housed in the unit at the time of their arrival.  For female inmates, the orientation will be conducted in the female segregation housing area.  The orientation will include;
    a. Completion of Inmate Occupancy Form 9.2.D(2);
    b. Explanation of the visit schedule;
    c. Explanation of the recreation schedule, phone usage and library privileges;
    d. Hygiene expectations and procedures;
    e. Explanation of the sick call procedures;
    f. Explanation of the reason for placement in Administrative Segregation
    g. Personal items allowed in the housing unit.

3. The Housing Unit Officer will search the property of all incoming inmates and remove items considered contraband and/or not authorized for inmates housed in Administrative Segregation. Contraband discovered during the property search shall be handled in accordance with Policy 8.1: Evidence and Contraband. Unauthorized property will be inventoried and handled in accordance with the policy on inmate property.

**D  Conditions of Administrative Segregation**

1. Unless otherwise indicated, Policy 7.1, Special Management Inmates, applies to inmates housed in Administrative Segregation.

2. Inmates placed in administrative segregation shall have access to programs and services available to the general inmate population. Where the inmate poses a real and immediate threat of harm to self, staff or others, access may be restricted, with the exception of medical or mental health treatment, for as long as necessary to lessen the inmate's behavior to a manageable level. (J.02, 2A-66)

3. Administrative Segregation inmates are escorted at all times when outside the housing unit by a Correctional Officer. (8.4: Internal Movement)

4. Shift Commanders visit the segregation housing unit each shift and speak to each inmate housed there. The Shift Commander will document visits in the Pod Log.

**E  Review of Status (J.01)**

1. The Classification Supervisor will conduct an administrative segregation status review within seven (7) working days of the placement to determine the need for continuation on administrative segregation status.

2. If an investigation is required (e.g., the administrative segregation is based on unsubstantiated reports), the Classification Supervisor shall notify the Special Projects Captain to conduct the investigation to determine if there is a valid security reason to keep the inmate on administrative segregation status. The Special Projects Captain may appoint a security staff member to conduct this investigation or conduct the investigation him/herself.

3. The rationale for the administrative segregation status placement shall be read to the inmate at the review.

4. If the inmate's behavior warrants denying the inmate's presence at the review, documentation shall be made on the Administrative Segregation Hearing Committee Form. Unless the inmate's behavior warrants denying the inmate's presence, the inmate shall appear at this review to respond to the rationale for administrative segregation status placement. The inmate may respond orally or submit a statement in writing. A summary of all relevant oral statements by the inmate shall be documented during this review. Refusal by the inmate to appear at this review shall be documented on the Administrative Segregation Hearing Committee Form and the review shall proceed in the inmate's absence. Refusal to appear at this review may result in a decision to continue the inmate on administrative segregation status.

5. The Classification Supervisor's decision shall be based on a determination as to whether one or more of the criteria in B.1. of this policy has been met.

6. The decision resulting from the review and the reason(s) for the decision shall be documented on the Administrative Segregation Hearing Committee Form. A copy of the form shall be given to the inmate.

7. The Classification Supervisor shall advise the inmate that he/she may appeal the initial review committee's decision and those of each 30 day review within 24 hours of the decision to the Jail Administrator or designee. The inmate shall also be advised that he/she shall remain on administrative segregation status unless the Jail Administrator or designee decides to remove the inmate from such status. The Classification Supervisor shall ask the inmate whether the inmate wishes to waive the right to appeal.

8. If the inmate signs the waiver, no appeal shall be considered and the decision shall be placed in the inmates file and documented on IMC.

9. If the inmate does not sign the waiver, an appeal may be submitted within 24 hours of the inmate's receipt of the decision. Any appeal must be decided within five (5) days of its receipt by the Jail Administrator or designee.

10. Any written waiver signed by an inmate as part of the administrative segregation process is final and may not be withdrawn.

11. The status of inmates placed in Administrative Segregation is reviewed by the Classification Supervisor and a review committee consisting of at least the Classification Supervisor and two other staff members to determine if conditions surrounding the inmate's placement continue and necessitate retention in this status. Status reviews will be documented in the individual inmate's Status Log in the JMS. (2A-48)

12. Reviews will be conducted every 7 days for the first 4 reviews (initial plus 3 seven day reviews) and every 30 days thereafter. Inmates who remain on administrative segregation status through a 30 day reviews will have a written mental health evaluation completed in time for each 90 day review.

13. If at any time the Classification Supervisor receives information suggesting that the inmate no longer needs to remain in Administrative Segregation, the Classification Supervisor can release the inmate as outlined below.

**F       Release from Administrative Segregation (J.01)**

1. Inmates may be released from Administrative Segregation for the following:
   a. Release from the SCJ custody;
   b. The Correctional Administrator, Assistant Correctional Administrator, or Review Committee approval.

2. Inmates being considered for release from Administrative Segregation shall have their pending release reviewed by the Classification Supervisor and at least two other staff members as outlined above.(2A-49)

3. The date, time, and reasons for release will be documented by the Classification Supervisor in the individual inmate's Status Log in the JMS. The inmate's status log will be printed and placed into the inmate's file by the releasing Shift Commander. (C.06)

4. Inmates released from Administrative Segregation will be assigned housing according to policy 8.4.

5. The Inmate Property Officer will ensure that allowable property previously taken from the inmate is returned upon inmate request via an Inmate Request form.

## ADMINISTRATIVE SEGREGATION REVIEW COMMITTEE REPORT FORM

7 Day Review # _____ (initial, 2, 3, 4)          30 Day Review # _____

Name of Inmate:                                                              D.O.B.

Hearing Officer (Classification Supervisor):

Committee Members:

Date of Notice:                                                              Time of Notice:

Date of Hearing                                                              Time of Hearing:

Did inmate attend hearing? ☐ Yes ☐ No

Did inmate request a Hearing Assistant? ☐ Yes ☐ No

Did a Hearing Assistant represent the inmate? ☐ Yes ☐ No

Did the inmate have an opportunity to meet with the Hearing Assistant before hearing? ☐ Yes ☐ No ☐ N/A

Inmate ☐ Agrees ☐ Disagrees with the reasons for the Administrative Segregation.

Witness(s): (Name and reason called).)

|  |
|---|
|  |

What alternative forms of testimony were used for witnesses who were not reasonably available? (Including Reporting Officer)

|  |
|---|
|  |

Description of evidence presented by the Jail:

|  |
|---|
|  |

Description of evidence presented by the inmate:

|  |
|---|
|  |

Was the inmate's presentation or participation in the hearing limited due to misconduct or other reason? ☐ Yes ☐ No

|  |
|---|
|  |

Were Segregation Behavior Logs reviewed by the Hearing Committee & Inmate?   Yes ☐ No ☐

|  |
|---|
|  |

**Determination**

Continued Administrative Segregation: ☐ Supported ☐ Un-supported

**Findings of fact to support the determination**

By a preponderance of the evidence I believe that your Administrative Segregation is warranted.

Specifically:

|  |
|---|
|  |

Recommendation(s):

|  |
|---|
|  |

| Signature of Hearing Officer: | Date: |
|---|---|
|  |  |

| Signature of Hearing Committee Members: | Date: |
|---|---|
|  |  |
|  |  |
|  |  |

I have been advised that I can appeal this initial (and every 30 day review) Committee decision to the Jail Administrator by written Inmate Request within 24 hours.

I wish to appeal ☐          I do not wish to appeal ☐

| Inmate Signature: | Date: |
|---|---|
|  |  |

12/5/11