UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES STILE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:13-cv-00248-JAW ) |
| SOMERSET COUNTY, et al., | ) ) |
| Defendants | ) |

**ORDER ON PLAINTIFF'S MOTIONS FOR CONTEMPT**

This matter is before the Court on Plaintiff's motions for the Court to hold Defendants Kelly Smith (ECF No. 460) and Julie (Hayden) Gilblair (ECF No. 464) in contempt. Plaintiff contends that Defendants Smith and Gilblair made false statements in affidavits submitted to this Court. Citing 18 U.S.C. § 1623, Plaintiff argues that Defendants committed perjury and, therefore, a contempt finding is warranted.

Following a review of Plaintiff's motions and the record, the Court denies the motions.

### DISCUSSION

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L. Ed. 242 (1821). Thus, "it is firmly established that the power to punish for contempts is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (internal quotation marks omitted). Corresponding with the power to punish is the necessary "power to conduct an independent

investigation" into allegations of contempt. *Id.* The contempt power is not merely inherent; it is also enshrined in federal law. 18 U.S.C. § 401.[1] Although the contempt statute is found in the criminal code, courts often rely on the criminal contempt statute in civil proceedings. *S.E.C. v. Pinez*, 52 F. Supp. 2d 205, 209 (D. Mass. 1999).

"The contempt power is to be used sparingly, and only in such instances where it is necessary to preserve the authority of the court." *Id.* (citing *Chambers*, 501 U.S. at 44, and *In re Michael*, 326 U.S. 224, 227 – 28 (1945) (discussing criminal contempt)). When exercising its discretion whether to conduct contempt proceedings, a court may consider whether the alleged perjury resulted in the obstruction of justice. *Id.* If the obstruction of justice is not established, the court may simply elect to have the truth or falsity of the subject testimony determined at trial. *Id.*

> All perjured relevant testimony is at war with justice, since it may produce a judgment not resting on truth. Therefore, it cannot be denied that it tends to defeat the sole ultimate objective of a trial. It need not necessarily, however, obstruct or halt the judicial process. For the function of trial is to sift the truth from a mass of contradictory evidence, and to do so the fact finding tribunal must hear both truthful and false witnesses.

---

[1] The pertinent statute is titled "Power of court," and provides:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. Plaintiff cited 18 U.S.C. § 1623 in support of his motion, which statute authorizes the United States to prosecute a witness who makes a false material declaration under oath. Plaintiff does not have standing to prosecute a charge under a criminal statute.

*In re Michael*, 326 U.S. at 227 – 28.

Here, Plaintiff argues that Defendants Smith and Gilblair made statements that are inconsistent with other evidence in the case. Even if Plaintiff's assertions were accurate, a finding of contempt would not be warranted on this record. First, there is no evidence of record that either Defendant deliberately misrepresented a fact to this Court. In addition, the record lacks any evidence that would support a finding that any alleged misrepresentation resulted in an obstruction of justice. Witness credibility generally and the accuracy of certain statements specifically are often contested issues in litigation. The issues raised by Plaintiff can be appropriately assessed at the fact finding stage of the proceedings. Plaintiff, therefore, is not entitled to the relief he requests.

## CONCLUSION

Based on the foregoing analysis, the Court denies the motions for contempt.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of February, 2018.