UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:13-cv-00248-JAW |
| SOMERSET COUNTY, et al., | ) ) ) | |
| Defendants | ) | |

**DECISION AND ORDER ON PENDING MOTIONS**

In this action, Plaintiff alleges that Defendants, most of whom are or were corrections officers employed at the Somerset County Jail, used excessive force when removing Plaintiff from his cell during Plaintiff's pretrial detention in the jail. As part of his claim, Plaintiff asserts that Defendant Somerset County is legally responsible for the deprivation of his constitutional rights as the result of the County's failure to train the individual Defendants on the use of force.

The matter is before the Court on Plaintiff's Motion for Subpoena (ECF No. 430), Motion for Time to Review Video Evidence (ECF No. 452), Motion to Join M. Jacques (ECF No. 455), and Motion to Reopen Discovery (ECF No. 461).

Following a review of Plaintiff's motions and the record, the Court denies the motions.

**BACKGROUND**

The Court's Amended Scheduling Order established February 20, 2014, as the deadline for amendment of the pleadings and joinder of parties. (ECF No. 48.) The Court

subsequently permitted Plaintiff to assert additional claims and join certain defendants on or before May 15, 2014, and later authorized the "final" pleading filed by Plaintiff on August 14, 2014. (ECF Nos. 67, 68, 71, 86, 92.) The Court has not extended further the deadline for amendments to the pleadings.

On February 1, 2016, following its denial of Plaintiff's motion to disqualify defense counsel, the Court established a deadline for the filing of summary judgment motions. (ECF No. 316.) Plaintiff subsequently filed interlocutory appeals from some of the decisions resulting in a stay of the proceedings in this Court. When Plaintiff's appeals were either withdrawn or dismissed, the Court established September 15, 2017, as the deadline for filing summary judgment motions. (ECF No. 427.)

Before Defendants filed their summary judgment motions, Plaintiff filed a Motion for Subpoena. (ECF No. 430.) After Defendants filed their motions for judgment on the pleadings and for summary judgment (ECF Nos. 431, 434, 438, 440), Plaintiff filed a Motion for Extension of Time (ECF No. 452), Motion to Amend (ECF No. 455), and Motion to Reopen Discovery (ECF No. 461).

## DISCUSSION

**A.     Plaintiff's Motion for Subpoena**[1]

According to Plaintiff, while his criminal case was pending, pursuant to a search warrant, law enforcement officials searched his cell and removed items of property that were then placed in a box. Plaintiff contends the box contained documents that are essential

---

[1] Plaintiff's arguments in support of the motion are included in the motion (ECF No. 430) and his reply memorandum. (ECF No. 449.)

to his case, and he requests a subpoena for service upon Somerset County officials for the return of the box and its contents.

Plaintiff's request for a subpoena is essentially a request to conduct discovery long after the June 15, 2015, discovery deadline passed. Even with respect to a third-party witness, the use of a subpoena to secure documents after the discovery deadline is not ordinarily permitted. *Williamson v. Horizon Lines LLC*, 248 F.R.D. 79, 83 (D. Me. 2008) (internal quotations and citations omitted). Furthermore, although Plaintiff asserts the documents are necessary to the defense of the summary judgment motions, he provides no facts to support his assertion. Plaintiff, therefore, has offered no reason for the Court to permit Plaintiff to conduct discovery outside the discovery period.[2]

**B.     Motion for Extension of Time to Examine Video Exhibits**[3]

In support of the motions for summary judgment, Defendants submitted for the Court's consideration the Affidavit of Donna Campbell, a paralegal assisting in the representation of Defendants. (ECF No. 433-26.) In her affidavit, Ms. Campbell explains that she edited the original video evidence produced by the jail because "certain video clips started part-way through one extraction, then switched over at some point to the beginning

---

[2] Plaintiff essentially asks the Court to issue a subpoena to obtain documents that were in his possession, but were evidently obtained by law enforcement through a search conducted in a criminal matter. In other words, Plaintiff asks the Court to authorize a subpoena for the production of his own documents that were apparently part of a criminal investigation and a criminal prosecution. Without any information as to the nature of the requested documents, the relationship between the documents and the criminal investigation/prosecution, the status of the documents in the criminal case, or how the documents are relevant to the issues in the case, the Court questions whether a subpoena to obtain the documents would be appropriate in this action even if the request was made within the discovery period.

[3] Plaintiff's arguments in support of the motion are included in the motion (ECF No. 452) and his reply memorandum (ECF No. 465).

of another extraction." (*Id.* ¶ 3.) Ms. Campbell asserts that her editing was limited to ensuring that any video file that captured only a portion of an extraction was joined together with the video file that captured the rest of that particular extraction. She further states that she did not eliminate footage or alter the videos in any manner, except to join video files that depicted the same extraction. (*Id.* ¶¶ 8 – 15.) Ms. Campbell organized the videos by extraction date and time. (*Id.* ¶ 17.)

Plaintiff asserts that because Ms. Campbell reformatted[4] and rearranged the video evidence, he needs additional time to review the video evidence and compare it with the videos produced in discovery, in order to be able to respond to the summary judgment motions. In addition to requesting additional time to review the videos, Plaintiff evidently objects to the Court's consideration of any video files created by Ms. Campbell because Ms. Campbell lacks expertise in video editing or production.

Defendants filed their motion for summary judgment five months ago, and Plaintiff filed his motion to extend time to review the video evidence more than four months ago. Given that the Court will permit Plaintiff more time to file a response to the motions for summary judgment, Plaintiff will have been afforded an extensive period of time to review the video evidence. Furthermore, to the extent Plaintiff believes the video evidence submitted by Defendants was altered in a way that misrepresents the substance of the video recordings, as part of his response to the motions for summary judgment, Plaintiff can file

---

[4] Evidently, the new video files created by Ms. Campbell are now in a file format different from the originals.

the video evidence that he believes to be accurate.[5] The Court, therefore, concludes that the time that Plaintiff has had to date, and will have before he is required to file his response to the motions for summary judgment, is sufficient time to review and respond to the video evidence filed by Defendants. In addition, the Court can discern no reason to preclude Defendants' use of the video evidence as modified by Ms. Campbell.

**C.    Motion to Amend**[6]

Based on his review of the record, Plaintiff seeks leave to amend his complaint to join two additional parties.[7] Apparently, three individuals who worked in the Somerset County Jail during Plaintiff's detention have the last name Jacques, and all three individuals evidently had some involvement in cell extractions of Plaintiff. One of the three individuals, Defendant Jeffrey Jacques, is presently a party to the action.

One of the individuals is a female reserve officer identified as Melinda Jacques. Ms. Jacques participated in one or more extractions. Plaintiff asserts he never knew of her involvement, and he contends Defendants failed to identify Ms. Jacques in discovery. Defendants contend that Ms. Jacques was in fact disclosed, because in 2014 Defendants produced to Plaintiff an extraction report authored by M. Jacques. (Defendants' Objection to Plaintiff's Motion to Amend at 3 – 4, ECF No. 457.)

---

[5] Plaintiff asserts that he has compiled a 20-page narrative that "details" the events depicted in the videos as they were originally produced. (ECF No. 452-1.)

[6] Plaintiff's arguments in support of the motion are included in the motion (ECF No. 455) and his reply memorandum (ECF No. 475).

[7] Plaintiff's motion requests the joinder of one party, but his reply requests the joinder of two parties. (Defendants Somerset County and Former Somerset County Sheriff Barry Delong's Objection to Plaintiff's Motion to Amend, ECF No. 467.)

Plaintiff contends that Melinda Jacques and Edward Jacques must be joined under Federal Rule of Civil Procedure 19, because they are necessary parties. In other words, even if he cannot satisfy the good cause standard to amend his complaint under Rule 15, Plaintiff argues the individuals must be joined in any event.

### 1. Rule 15

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.*, 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed.

R. Civ. P. 16(b)(4). A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52 (1st Cir. 1998)). Ultimately, it falls to the court's discretion whether to grant a motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case. *Id.*

Plaintiff has failed to establish good cause for the filing of the motion to amend at this stage of the proceedings. First, discovery in this matter has closed. In addition, the record reflects that Plaintiff was aware or should have been aware of Melinda Jacques in 2014. As for Edward Jacques, Plaintiff has not provided any reason to believe that he could not have been joined at an earlier stage of the proceedings. Given the length of time the matter has been pending and given the motion practice and discovery conducted to date, the joinder of new parties at this stage will only unnecessarily delay the resolution of the matter. Plaintiff has not demonstrated good cause to amend his complaint.

### 2. *Rule 19*

Pursuant to Rule 19:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The Court is not persuaded that M. Jacques and Edward Jacques are necessary parties who must be joined under Rule 19. More specifically, given the number of defendants joined in this matter, and given that Plaintiff has joined defendants as to each of his claims, the Court is satisfied that Plaintiff can obtain complete relief from the current defendants.

### D. Motion to Reopen Discovery

Through this motion, Plaintiff requests Rule 56(d) relief. Plaintiff principally contends that discovery regarding the creation, management, and production of the video evidence is necessary. Plaintiff also argues that discovery regarding certain defendants or proposed defendants is required. He further contends that the Court should conduct an evidentiary hearing in connection with the summary judgment motions.

When the nonmoving party at summary judgment believes the party has not had access to facts to respond to a motion for summary judgment, the party may ask the Court to defer ruling on, or deny, the summary judgment motion until the nonmoving party obtains further discovery. Fed. R. Civ. P. 56(d). To obtain the relief provided by the Rule, the nonmoving party must show "by affidavit or declaration that, for specified reasons, it

cannot present facts essential to justify its opposition." *Id.* The First Circuit has described the necessary showing, or proffer, and the standard of review, as follows:

> "[T]he proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment." If the reason the party cannot "adduce the facts essential to opposing summary judgment" is incomplete discovery, the party's explanation (i.e., the third requirement) should: (i) "show good cause for the failure to have discovered the facts sooner"; (ii) "set forth a plausible basis for believing that specific facts ... probably exist"; and (iii) "indicate how the emergent facts ... will influence the outcome of the pending summary judgment motion." Thus, in a case involving incomplete discovery, the Rule 56(d) proffer requirements can be categorized as: "authoritativeness, timeliness, good cause, utility, and materiality." "[T]hese requirements are not inflexible and .... one or more of the requirements may be relaxed, or even excused, to address the exigencies of a given case." When all the requirements are satisfied, "a strong presumption arises in favor of relief."

*In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 143 – 44 (1st Cir. 2014) (citations omitted) (quoting *Resolution Trust Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994)).

Plaintiff has had more than sufficient time to conduct discovery in this matter. The Court is not persuaded that additional discovery, including the proposed discovery regarding certain defendants, is necessary for Plaintiff to respond to the summary judgment motions. Furthermore, as explained above, Plaintiff has had an extensive period of time to review the video evidence, and he can challenge Defendants' use of the video evidence in his response to the motion for summary judgment. Finally, the Court discerns no basis for an evidentiary hearing on the motions for summary judgment.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's Motion for Subpoena (ECF No. 430), Motion for Time to Review Video Evidence (ECF No. 452), Motion to Join M. Jacques (ECF No. 455), and Motion to Reopen Discovery (ECF No. 461).

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of February, 2018.