UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:13-cv-00248-JAW |
| SOMERSET COUNTY, et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER AFFIRMING ORDER DENYING MOTION FOR A FINDING OF CONTEMPT**

The Court overrules the Plaintiff's objection to a Magistrate Judge's order in which the Magistrate Judge declined to hold a corrections officer Defendant in contempt of court for allegedly false sworn statements. The Court affirms the Magistrate Judge's order because the Plaintiff lacks standing to enforce criminal law and because the evidence does not confirm that the corrections officer lied in her affidavit.

**I.   BACKGROUND**

**A.   Procedural Background**

On October 30, 2017, James Stile filed a motion asking this Court to hold Kelly Smith, a corrections officer with Somerset County Jail and a Defendant in this case, in contempt for having made allegedly perjurious statements in an affidavit submitted to the Court. *Notice of Mot. Pursuant to 18 U.S.C. § 1623* (ECF No. 460) (*Pl.'s Mot.*). On November 13, 2017, all Defendants, except Somerset County, Delong,

Allen, Plourd, and Jacques, responded to Mr. Stile's motion. *Defs.' Obj. to Pl.'s Notice of Mot. Pursuant to 18 U.S.C. § 1623* (ECF No. 471) (*Defs.' Opp'n*).

On December 5, 2017, the Court referred the motion to the Magistrate Judge. On February 13, 2018, the Magistrate Judge issued an order in which he denied the motion. *Order on Pl.'s Mots. for Contempt* (ECF No. 493) (*Order*). On March 8, 2018, Mr. Stile objected to the Magistrate Judge's order. *Pl.'s Obj. to ECF No. 493 Order on Pl.'s Mots. for Contempt* (ECF No. 508) (*Pl.'s Obj.*). On March 16, 2018, the Defendants, except Somerset County, Delong, Allen, Mayhew, Welch, Jacques, Plourd, and Kline, responded. *Defs.' Resp. to Pl.'s Obj. to Order on Pl.'s Mots. for Contempt* (ECF No. 512) (*Defs.' Resp.*). On March 20, 2018, Defendant David Allen responded to Mr. Stile's objection. *Def. David Allen's Resp. to Pl.'s Obj. to Order on Mot. for Contempt* (ECF No. 524) (*Allen Resp.*).

B. **The Plaintiff's Motion and Defendants' Opposition**[1]

Mr. Stile claims that Corrections Officer Kelly Smith made perjurious statements in her affidavit filed with the Court. *Pl.'s Mot.* at 1-2 (citing *Additional Attachs.* Attach. 24 *Aff. of Kelly Smith* (ECF No. 433) (*Smith Aff.*)). Mr. Stile asserts that, for this reason, the Court should hold Ms. Smith in contempt. *Pl.'s Mot.* at 1. He highlights statements that he alleges were perjurious for failing to accurately

---

[1] On November 2, 2017, Mr. Stile filed a motion asking the Court to hold another corrections officer at Somerset County Jail, Julie (Hayden) Gilblair, in contempt. *Notice of Mot. Pursuant to 18 U.S.C. § 1623* (ECF No. 464). In his objection to the Magistrate Judge's order, however, Mr. Stile writes that he "is willing to set aside the issue of Defendant Julie Hayden Gilblair," and does not object to the Magistrate Judge's order with respect to Corrections Officer Gilblair. *Pl.'s Obj.* at 1. Based on Mr. Stile's concession, the Court does not further address Mr. Stile's motion as regards Officer Gilblair and has omitted reference to the Officer Gilblair motion in this opinion, except to affirm the Magistrate Judge's order without objection.

2

describe an episode in which one or more of the Defendants deployed an electrical device on him while extracting him from his prison cell on January 5, 2012. Specifically, Mr. Stile points to Ms. Smith's statement that Corrections Officer Walter "Fails asked for and was given the handheld electrical device by Lt. Jacques." *Id.* (quoting *Smith Aff.* ¶ 13). Mr. Stile asserts that by this statement, Ms. Smith "attempted to place the blame of her criminal actions of arming Corrections Officer Fails on Lt. Jacques." *Pl.'s Mot.* at 1. Mr. Stile's assertion, which he clarifies in a later filing, *Pl.'s Obj.* at 2-3, is that it was Ms. Smith, not Mr. Jacques, who handed the electrical device to Mr. Fails.

Mr. Stile also scrutinizes statements by Ms. Smith that read: "After another order to stand, Fails deployed the handheld electrical device twice on Stile's upper thigh for two short bursts," *Id.* (quoting *Smith Aff.* ¶ 14), and "Stile was told to stand again and he refused after which Fails deployed the handheld electrical device in Stile's right upper thigh for one short burst." *Pl.'s Mot.* (quoting *Smith Aff.* ¶ 15). According to Mr. Stile, these statements "are refuted by the Video Exhibit #35 of Defendants Video Exhibits that were submitted with their motions for summary judgment." *Pl.'s Mot.* at 2. Mr. Stile further contends that the affidavit of Defendant Jeffrey Jacques refutes Ms. Smith's statements. *Id.* (citing *Statement of Fact* Attach. 3 *Aff. of Jeffrey Jacques* (ECF No. 435) (*Jacques Aff.*)).

All Defendants, except Somerset County, Sheriff Delong, Allen, Plourd, and Jacques, oppose Mr. Stile's motion and argue that it should be dismissed solely on the basis that the statute under which Mr. Stile purports to make his motion, 18 U.S.C.

3

§ 1623, is a criminal statute that does not provide a private right of action. *Defs.' Opp'n* at 2.

### C. The Magistrate Judge's Order

In his order, the Magistrate Judge laid out some tenets of the Court's contempt power, including its foundations and that it is to be used sparingly. *Order* at 1-2. The Magistrate Judge determined that, even if Mr. Stile's assertions were accurate, a finding of contempt would not be warranted because: (1) "there is no evidence of record that either Defendant deliberately misrepresented a fact to this Court", and (2) "the record lacks any evidence that would support a finding that any alleged misrepresentation resulted in an obstruction of justice." *Id.* at 3 (citing *S.E.C. v. Pinez*, 52 F. Supp. 2d 205, 209 (D. Mass. 1999)). The Magistrate Judge observed that issues of witness credibility and accuracy of witness statements "can be appropriately assessed at the fact finding stage of the proceedings." *Id.* The Magistrate Judge's order also notes that Mr. Stile "does not have standing to prosecute a charge under a criminal statute." *Id.* at 2 n.1.

### D. The Plaintiff's Objection

Mr. Stile objects to the Magistrate Judge's order on the basis that Ms. Smith's statements constitute deliberate misrepresentations of fact to the Court and that the statements were intended to and in fact did obstruct justice. *Pl.'s Obj.* at 2-4. Specifically, Mr. Stile believes that Ms. Smith handed the electrical device to another officer who then deployed it on Mr. Stile. *Id.* at 3. He suggests that by stating that someone else transferred the device to the officer who ultimately deployed it, Ms.

Smith is seeking to shield herself from liability. *Id.* at 4. Mr. Stile also accuses Attorney Cassandra Shaffer, counsel for the Defendants to whom Ms. Smith swore out her affidavit, of "knowingly and intentionally facilitat[ing] this perjury." *Id.* at 3.

### E. The Defendants' Response

The Defendants, except Somerset County, Delong, Allen, Mayhew, Welch, Jacques, Plourd, and Kline, respond to Mr. Stile's objection by arguing that there is "no allegation that Kelly [Smith] disobeyed a court order and no evidence of obstruction of justice." *Defs.' Resp.* at 2. These Defendants agree with the Magistrate Judge that Mr. Stile's complaints concern witness credibility and that such issues may be resolved later in the litigation. *Id.* Defendant David Allen filed a response in which he "adopts the argument presented by the other Defendants." *Allen Resp.* at 1.

## II. DISCUSSION

As the Magistrate Judge's order is on a non-dispositive matter, the Court reviews the order to determine whether it is either "contrary to law" or "clearly erroneous." FED. R. CIV. P. 72(a). It is neither.

This is the second time Mr. Stile has moved the Court to hold someone in contempt of court. In *United States v. Stile*, No. 1:11-cr-00185-JAW, 2018 U.S. Dist. LEXIS 63377 (D. Me. Apr. 13, 2018), Mr. Stile moved the Court to hold a Bureau of Prisons employee in contempt for allegedly making perjurious statements under oath. On April 13, 2018, the Court rejected Mr. Stile's objection to the Magistrate Judge's order and denied his motion. *Id.* at *1-8. In rejecting Mr. Stile's contentions, the

5

Court concluded that Mr. Stile has no standing to require the Court to hold someone in contempt of court, that the statements were matters of opinion, not fact, and that the statements were not material. *Id.* The same result obtains here.

### A. 18 U.S.C. § 1623

The Magistrate Judge is correct in concluding that Mr. Stile has no standing to make a claim that Ms. Smith violated 18 U.S.C. § 1623. *Order* at 2 n.1. If a violation of the criminal law occurred (and the Court does not conclude one has), it is not up to James Stile to prosecute the criminal violation and seek sanctions. It is up to federal prosecutors. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case").

Even if Mr. Stile had standing (which he does not), in order for a statement to fall within the ambit of § 1623, the statement must be false. 18 U.S.C. § 1623(a) ("Whoever under oath . . . knowingly makes any false material declaration . . . ."). Mr. Stile has an adamant view that Ms. Smith's statements about what happened in his jail cell on January 5, 2012 during the cell extraction are false. To be fair to Mr. Stile, the Court re-reviewed his Exhibit 35, the flash drive of the cell extraction of January 5, 2012 to determine whether it shed any light on what happened. *See Stile v. Somerset Cty.*, 1:13-cv-000248-JAW, Ex. 35.

The Court previously described in detail the contents of Exhibit 35. *See Stile v. United States*, 1:17-cv-00159-JAW, 1:11-cr-00185-JAW, *Order Affirming the Recommended Decision of the Magistrate Judge on 28 U.S.C. § 2255 Mot.* at 26-28

(ECF No. 692) (*Order*). At one point, one of the corrections officers announces to Mr. Stile that he is giving him three orders; the first is to stand up. Mr. Stile protests that he cannot, and the officer reiterates the order. Mr. Stile again protests that he cannot, saying he has not walked for at least a week. The officer asserts that Mr. Stile walked earlier that day.

Critical to Mr. Stile's motion, at this point, one of the officers looks toward someone at the cell door and stretches out his arm. After a momentary delay, a left hand and arm appear on the left side of the screen and a small device, appearing somewhat like a cellphone, is handed to one of the officers inside the cell. Shortly thereafter the officers apply three electroshocks to Mr. Stile using the device.

Mr. Stile is convinced that the arm and hand belong to Corrections Officer Smith and that she is lying about whether she handed the electroshock device to the other officer. In her Affidavit dated September 13, 2017, Ms. Smith makes the following relevant statements:

> 3. I was involved in the extraction of James Stile from his cell on January 5, 2012 and January 15, 2012.
>
> 5. During the January 5, 2012 extraction, I was in charge of the camera.
>
> 6. Lt. Jacques was the officer in charge during the extraction.
>
> 13. Fails asked for and was given the handheld electrical device by Lt. Jacques.

*Smith Aff.* ¶¶ 3, 5, 6, 13. Mr. Stile claims that these paragraphs contradict the contents of the affidavit sworn and signed by Lieutenant Jeffrey Jacques. *Pl.'s Mot.*

7

at 2 (citing *Jacques Aff.* ¶¶ 11-13). In paragraphs 14 and 15, Mr. Jacques states in part:

> 14. I was not present when Officer Fails used the handheld on Mr. Stile, but I was on my way to Mr. Stile's cell, took the handheld from Officer Fails, and attempted to help the officers.
>
> 15. As the video indicates, shortly after Officer Fails used the handheld on Mr. Stile for a third time, I arrived on the scene and entered Mr. Stile's cell, took the handheld from Officer Fails, and attempted to help the officers.

*Jacques Aff.* ¶¶ 14-15. Mr. Stile correctly notes that there is a seeming conflict between Officer Smith's and Lieutenant Jacques' affidavits. It is unlikely that Lieutenant Jacques could have been at the same time on his way to the Stile cell and handing the electroshock device to Officer Fails.

But based on the videotape, the Court is not willing to assume the worst and jump to the conclusion that either Lieutenant Jacques or Officer Smith deliberately lied about who handed the electroshock device to Officer Fails. The video itself does not reveal much about the person whose arm appears on the left side of the screen and hands the electroshock device to Officer Fails. All that is seen is the person's forearm and hand, giving what looks like the electroshock device to one of the officers inside the cell at that officer's request. Other than the fact the person handing the device is white, the video does not establish whether the person was male or female, the person's rank, name, or any identifying marks. Based on the video alone, the Court finds no basis to hold Officer Smith in contempt.

Nor does the Court find that this video clip proves the grand conspiracy that Mr. Stile proposes. Even if it could be proven that the arm and hand belongs to Officer

8

Smith (and the Court makes no such finding), it would not prove that Officer Smith was deliberately lying as opposed to being simply mistaken.

Mr. Stile's position requires one to believe that, in order to avoid her own personal liability, Officer Smith, a subordinate officer, knowing that she, not Lieutenant Jacques, handed the electroshock device to Officer Fails, elected to blame her superior officer for her own actions, in the circumstances where Officer Fails and at least one other officer actually witnessed the handoff and Officer Smith herself videotaped it. The likelihood of Officer Smith deliberately lying in these circumstances is remote.

Moreover, the Court disagrees with the underlying premise of Mr. Stile's motion. Mr. Stile contends that Officer Smith lied to avoid her own personal liability for the electroshock he received in his cell. But Mr. Stile makes no allegation that Officer Smith actually applied the electroshock device on him. He says that she only handed the device to Officer Fails; Officer Smith says she did not hand over the device and that she only videotaped the extraction. If the application of the shock was illegal (and the Court does not find it was), the difference between handing over of the electroshock device and videotaping another officer handing over the device is subtle at best. To conclude that Officer Smith lied about passing the electroshock device to Officer Fails, it would have to be that she felt so exposed in Mr. Stile's civil lawsuit against the County that she was willing to lie about giving the device to another officer upon his request as opposed to videotaping the episode without intervening.

B.     18 U.S.C. § 401

Setting aside § 1623, the Court has a discretionary contempt power. 18 U.S.C. § 401; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *AngioDynamics, Inc. v. Biolitec AG*, 823 F.3d 1, 7 (1st Cir. 2016). Mr. Stile questions the Magistrate Judge's integrity for not exercising this power with respect to Officer Smith. *Pl.'s Obj.* at 2 (the Magistrate Judge's "elect[ing] to do nothing" is attributable to "either extreme bias to the Plaintiff, or turning its eye to violations of law committed in this Court"). Mr. Stile's assertion is as misguided as it is mistaken.

Criminal contempt in violation of 18 U.S.C. § 401 is a serious crime, categorized by the First Circuit as a Class A felony carrying a statutory maximum term of imprisonment of life. *United States v. Wright*, 812 F.3d 27, 32 (1st Cir. 2016). It is used to punish disobedience with a judicial order, *United States v. Marquardo*, 149 F.3d 36, 39 (1st Cir. 1998), and to "vindicate the authority of the court." *United States v. Michaud*, 928 F.2d 13, 15 n.1 (1st Cir. 1991). "To support a conviction for criminal contempt the government must establish three elements: (1) there was a lawful court order of reasonable specificity, (2) the appellant violated it and (3) the violation was willful." *Id.* at 15. Litigants have been convicted of contempt for having engaged in egregious behavior. *E.g., AngioDynamics*, 823 F.3d at 3-4 (defendant corporation directly defied a preliminary injunction entered against it, its CEO refused to appear at a hearing in defiance of a court order, and it did not comply with discovery orders, among other efforts to "stonewall[] the district court" and generally "elude the power of the courts"); *United States v. Mourad*, 289 F.3d 174, 180 (1st Cir. 2002) (willful

violation of a court order); *United States v. Cameron*, 835 F.3d 46, 48 (1st Cir. 2016) (fleeing a jurisdiction with the specific intent to avoid a resentencing hearing ordered by the First Circuit).

Criminal contempt requires a culpable state of mind. *United States v. Woodard*, No. 1:11–CR–00207–JAW, 2012 WL 5254899, at *6 (D. Me. Oct. 23, 2012) (internal citations omitted). As discussed in the context of § 1623, there is a dearth of record evidence proving that Officer Smith had any such mens rea. Indeed, it is not uncommon for witnesses to the same event to have markedly different perspectives and memories, and simply because their versions conflict, it does not mean that one must be lying. Even if Ms. Smith's perspective is inaccurate (and the Court does not find that it is), this does not mean that her sworn statements are perjurious or merit sanction. They would have to amount to an obstruction of justice. *See United States ex rel. Johnson v. Goldstein*, 158 F.2d 916, 921 (7th Cir. 1947) ("Thus it appears to have been definitely settled that an obstruction to the administration of justice cannot be produced solely by perjured testimony even though such testimony may defeat the ultimate objective of a trial"); *United States v. Arredondo*, 349 F.3d 310, 316-21 (6th Cir. 2003) ("false testimony alone, whether written or oral, will not amount to contempt of court") (internal quotations omitted); *Collins v. United States*, 269 F.2d 745, 749 (9th Cir. 1959) (citing *Ex parte Hudgings*, 249 U.S. 378, 383 (1919) ("But perjury alone, as the government concedes, is not sufficient to give the court the power to punish for contempt. This power can only be exercised when the court finds that, in addition to the perjury or whatever other

misbehavior there might be, there is present also the further element of obstruction to the administration of justice"). As discussed above, setting aside accuracy, Ms. Smith's statements lack materiality. It matters only on the extreme edges whether Ms. Smith handed over of the electroshock device or videotaped the handing over and the application of the shocks. If a civil rights violation was taking place, either could suffice for Ms. Smith's liability. Accordingly, the statements do not work an obstruction of justice.

As the Magistrate Judge underscored, the factual issues Mr. Stile raises must be resolved by a factfinder, if the case is not resolved by dispositive motion. *Order* at 3 ("The issues raised by Plaintiff can be appropriately assessed at the fact finding stage of the proceedings"). Witness credibility and the veracity of testimony are hallmarks of the fact-finding phase. *In re Michael*, 326 U.S. 224, 227-28 (1945) ("For the function of trial is to sift the truth from a mass of contradictory evidence, and to do so the fact finding tribunal must hear both truthful and false witnesses").

Applying "the background rule that the contempt power [i]s to be confined to the least possible power adequate to protect the administration of justice against immediate interruption of its business," *United States v. Dunnigan*, 507 U.S. 87, 93-94 (1993) (internal quotations omitted), the Court concludes that holding Ms. Smith in contempt is not warranted.

## III. CONCLUSION

The Court OVERRULES Plaintiff's Objection to ECF No. 493 Order on Plaintiff's Motions for Contempt (ECF No. 508) and AFFIRMS the Magistrate Judge's Order on Plaintiff's Motions for Contempt (ECF No. 493).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of May, 2018