UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JAMES STILE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00248-JAW |
| | ) | |
| SOMERSET COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JAMES STILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00406-JAW |
| | ) | |
| CUMBERLAND COUNTY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR JUDICIAL INTERVENTION AND FOR EXTENSION OF TIME AND ON MOTION TO ACCEPT PARTIAL RESPONSES AND TO ALLOW THE RECORD TO REMAIN OPEN, AND MOTION FOR COURT TO OBTAIN BATE STAMPED MATERIALS FROM DEFENDANT[]S THAT PLAINTIFF CITED IN HIS RESPONSES TO DISPOSITIVE PLEADINGS**

The Court denies a Plaintiff's demand that he be allowed to respond fully to long-pending dispositive motions only when the Bureau of Prisons releases certain evidence to him that depicts what happened to him. The Plaintiff is a competent witness of his own lived experience and it is not necessary to obtain documentation from other sources in order to respond to factual allegations about his own experience.

**I.     BACKGROUND**

The procedural history of these motions began simply enough, but quickly became complicated due to James Stile's unorthodox filings. To begin, on July 17, 2018, James Stile filed identical motions for judicial intervention in his lawsuits against Somerset and Cumberland Counties. *Mot. for Judicial Intervention* (ECF No. 242) (No. 2:14-cv-00406-JAW); (ECF No. 568) (No. 1:13-cv-00248-JAW) (*Pl.'s Mot.*). On August 1, 2018, the Cumberland County Defendants filed their response. *Obj. to Pl.'s Mot. for Judicial Intervention (Document No. 242)* (ECF No. 244) (*Cumberland Resp.*).

On July 30, 2018, only in the Somerset County case, Mr. Stile filed a motion to accept partial response and to allow the record to remain open. *Mot. to Accept Partial Resp. to Defs.' Mot. for Summ. J. and Allow Record to Remain Open Without Ruling on Dispositive Mot. Until Remaining Resp. and Supplemental Listing of Missing Bate Stamped Exs. are Filed with Court* (ECF No. 573) (*Pl.'s Second Mot.*). From August 1 through August 7, 2018, all Somerset County Defendants filed responses to Mr. Stile's motions. On August 1, 2018, the Somerset County Defendants (except Somerset County, Sheriff Barry DeLong, Jail Administrator David Allen, Corrections Officer Mayhew, Corrections Officer Welch, Corrections Officer Jacques, and Deputy Sheriff Kline) filed an objection to Mr. Stile's motion for judicial intervention and to accept partial response. *Defs.' Obj. to Pl.'s Mot. for Judicial Intervention (Document No. 568) and Mot. to Accept Partial Resp. (Document No. 573)* (ECF No. 579) (*Somerset I Resp.*). On August 2, 2018, Somerset County and former Somerset County Sheriff Barry DeLong filed an objection to Mr. Stile's motion for judicial

intervention. *Defs.' Somerset County and Former Somerset County Sheriff Barry DeLong's Obj. to Pl.'s Mot. for Judicial Intervention* (ECF No. 580) (*Somerset II Resp.*). On August 3, 2018, Corrections Officers Plourd and Jacques filed a consolidated response to the motion for judicial intervention and to Mr. Stile's motion to accept partial response. *Opp'n by Defs. Keith Plourd and Jeffrey Jacques to Pl.'s Mot. for Judicial Intervention and Mot. to Accept Partial Resp.* (ECF No. 581) (No. 1:13-cv-00248-JAW) (*Somerset III Resp.*). On August 7, 2018, Defendant David Allen, the Somerset County Jail Administrator, filed a response to Mr. Stile's motions for judicial intervention and to accept partial response. *Def. David Allen's Objs. to Pl.'s Mot. for Judicial Intervention (ECF No. 568) and Mot. to Accept Partial Resp. (ECF No. 573)* (ECF No. 584) (*Allen Resp.*).

On August 6, 2018, Mr. Stile filed a reply in both cases, which he titled "Notice of Case Status." *Pl.'s Reply* (ECF No. 245) (No. 2:14-cv-00406-JAW); (ECF No. 582) (No. 1:13-cv-00248-JAW) (*Pl.'s Reply*). On August 27, 2018, Mr. Stile filed an affidavit in support of his motion for judicial intervention in both the Somerset and Cumberland County cases, attaching exhibits. *Aff.* Attachs. 1-15 (ECF No. 246) (2:14-cv-00406-JAW); (ECF No. 590) (No. 1:13-cv-00248-JAW).

On August 31, 2018, Mr. Stile filed yet another motion, essentially demanding the same relief he demanded in the other motions. *Pl.'s Mot. for Court to Obtain Bate Stamped Materials from Defs. that Pl. Cited in his Resps. to Dispositive Pleadings*

(ECF No. 247) (2:14-cv-00406-JAW); (ECF No. 593) (No. 1:13-cv-00248-JAW) (*Pl.'s Bate Stamp Mot.*).[1]

## II. THE PARTIES' POSITIONS

### A. James Stile's Motions

#### 1. The July 17, 2018 Motion for Judicial Intervention and Extension

In James Stile's July 17, 2018 motion for judicial intervention, he describes his ongoing difficulty gaining access to necessary information so that he may respond to the pending dispositive motions in his cases against Somerset and Cumberland Counties. *Pl.'s Mot.* at 1-2. Surprisingly, Mr. Stile places blame for his troubles with the Bureau of Prisons (BOP) squarely on the Court. *Id.* at 2. Mr. Stile makes several demands to the Court. First, stating that the dispositive motion by Defendants Keith Plourd and Jeffrey Jacques omitted "most of the referenced Exhibits that are referred to by Bates Stamp number" and he "insists this Court not rule on the Defendants['] dispositive motion without having access to said Exhibits as there would be a serious prejudice to the Plaintiff if this were done." *Id.*

Next, he complains that the Court failed to schedule a telephone conference to discuss this issue and he says the Court denied his request for such. *Id.* Mr. Stile says that he has been left "with no understanding of how the Court will be able to make a fair and unbiased ruling on this dispositive motion, if the Court does not have

---

[1] The Court is issuing this order on Mr. Stile's August 31, 2018 Bate stamp motion even though the Defendants have not responded because he raises no new issues in his newest motion.

4

access to the Exhibits and the Plaintiff is unable to even quote the Bates Stamp numbers." *Id.*

Mr. Stile writes that he has asked the Court "to at least communicate with the BOP Allenwood facility legal department to explain the need of Plaintiff to have access to these discs in order to do his legal work responsibilities in responding to the dispositive motions." *Id.* He blames the Court for rejecting "the Plaintiff's requests for assistance", and he says the Court "has refused to intervene." *Id.*

Mr. Stile criticizes the Court for repeatedly imposing "deadlines of which the Plaintiff could not possibly meet even if he was an attorney with modern day resources such as computer and internet and copier and printer." *Id.* He notes that the BOP transferred him from F.C.I. Fort Dix to F.C.I. Elkton and that from November 2017 to January 2018, he did not have his legal files and, when received, they were "in complete disarray." *Id.* at 3. It took him, he says, thirty days "to sort out and assess the losses which Plaintiff communication to this Court the need for replacement of a number of pleadings that BOP lost on the Plaintiff." *Id.* Mr. Stile acknowledges that the Clerk of Court "replaced a number of those pleadings", but he reiterates that he did not have the "necessary legal files" until the end of February, 2018. *Id.*

Mr. Stile continues to complain that he did not have access to the CD/DVDs "that are necessary to respond to the dispositive motions" and even so, the "Court continues to set deadlines for the Plaintiff that cannot be met." *Id.* As of July 10, 2018, Mr. Stile says he received only ten of the seventy-five discs. *Id.* Mr. Stile

5

"insists that the Court communicate with the [BOP] on facilitating access to the remaining discs in a more expedit[i]ous manner so that the Plaintiff can provide to the Court a comprehensive and understandable pleadings to the dispositive motions." *Id.*

Mr. Stile says that he has mailed the Court "his responses to Defendant Somerset County and Defendant Delong's dispositive motions but lacking the Bates Stamped numbers to direct the Court and Defendants to the appropriate Exhibits to support Plaintiff's responses." *Id.* at 4. Again, he insists that the Court take action by "communicating with BOP to assisting the Plaintiff with access to the CD/DVDs' that contain the Bates stamped materials." *Id.* Mr. Stile also says that he mailed the Court "his response to Defendant David Allen's dispositive motions but lacking the Bates Stamped numbers to direct the Court and Defendants to the appropriate Exhibits to support Plaintiff's responses." *Id.* Mr. Stile acknowledges that he has not responded to the dispositive motion from the "Majority of Defendants" in the Somerset County case and he has not responded to the dispositive motions in the Cumberland County case. *Id.* He states that he is working on a response in the Somerset County case, but "still lacking the CD/DVDs." *Id.* He warns that he will "have to file supplements to all responses that will contain the Bates Stamped Exhibit numbers and the locations to be inserted." *Id.* Mr. Stile moves the Court to grant an extension for an unspecified period of time and that the Court communicate with the BOP at Allenwood. *Id.*

    2.  **The July 30, 2018 Motion to Accept Partial Response and**

### to Allow the Record to Remain Open

In his second motion, the one he filed only in the Somerset County case, Mr. Stile characterizes one of this Court's rulings as a "threat" and an "ultimatum." *Pl.'s Second Mot.* at 1. He says that he is "forced to file partial pleading with the threat that is hanging over his head of being foreclosed from arguing due to circumstances that precluded Plaintiff from filing his responses expediently such as the BOP withholding the 75 CD/DVD's that contain the discovery materials necessary to file appropriate responses to the pending dispositive motions, since November 2017." *Id.*

Mr. Stile says that as of July 30, 2018, he has received only twelve of the CD/DVDs and that he is "totally at the mercy of the decisions of BOP as to when and how many of the CD/DVD's the Plaintiff may have to review that are absolutely necessary to respond to the dispositive motions." *Id.* at 2. He again complains that "this Court refuses to grant leave to extend and to cause judicial intervention with BOP or even recommend to the legal department of L.S.C.I. Allenwood to assist in making the discovery materials available to Plaintiff." *Id.* At the same time, he notes that the Court "has access to the Defendant's Video Exhibits 1-35 and numerous other materials that have been filed with the Court." *Id.* Therefore, he says that the Defendants "are incorrect when they claim that the Plaintiff 'has failed to show that there is any genuine issue of material fact in dispute.'" *Id.* He asks the Court to accept "a partial response to the Defendants' dispositive motion and to grant leave to extend and allow the record to remain open for receipt of supplemental filing." *Id.*

    3.    **The August 31, 2018 Bate Stamp Motion**

7

On August 31, 2018, Mr. Stile filed yet another motion, essentially asking for the same relief he is requesting in his July 17 and 30 motions. *Pl.'s Bate Stamp Mot.* at 1-2. Mr. Stile reiterates that BOP is allowing him only six discs every two weeks. *Id.* at 1. Mr. Stile describes difficulty he is having with a woman he calls Counselor Brown in obtaining the CD/DVDs. *Id.* at 1-2. Mr. Stile repeats his demand that the Court schedule a telephone conference and again complains that the Court has "refused to assist Plaintiff." *Id.* at 2. Mr. Stile reiterates his request that the Court order the Defendants to supply him with the contested CD/DVDs and extend the time for his responses to the pending motions. *Id.*

### B. The Cumberland County Response

On August 1, 2018, the Cumberland County Defendants filed an objection to Mr. Stile's motion for extension. *Cumberland Resp.* at 1-2. They note that their motion for summary judgment has been pending since October 2017 and Mr. Stile has received numerous extensions. *Id.* at 2. They say that Mr. Stile admits he had access to the necessary materials before November 13, 2017, "over one month after Defendants filed their Motion for Summary Judgment." *Id.* They assert that Mr. Stile admits that upon his transfer to F.C.I. Elkton, he had access to the materials beginning the last week of January 2018. *Id.* Finally, they maintain that upon transfer to F.C.I. Allenwood, Mr. Stile arrived with "documents and discovery related to this case." *Id.* Finally they note that Mr. Stile "has demonstrated the ability to participate in this lawsuit by filing numerous motions in this case and in *Stile v. Somerset County*, 1:13-cv-00248-JAW." But, they say, he "still has not filed any

8

response at all the Defendants' dispositive motion." *Id.* They urge the Court to deny Mr. Stile's motion for extension given "the extraordinary amount of time the Plaintiff has had to respond to the Motion for Summary Judgment." *Id.*

### C.     The Somerset County I Response

The Somerset County I Defendants note that they filed their motion for summary judgment on September 13, 2017, and since then, the Court has granted Mr. Stile numerous extensions to time to file his response. *Somerset I Resp.* at 2. They note that Mr. Stile last moved for an extension in April 2018 and the Court ordered him to file a response "on or before May 25, 2018." *Id.* (quoting *Order on Mot. to Extend Time* at 2 (ECF No. 540)). They say this deadline "has not been enlarged." *Id.* They point out that it was not until July 30, 2018, that Mr. Stile filed an untimely response to their motions for judgment on the pleadings and summary judgment. *Id.*

The Somerset County I Defendants state that Mr. Stile has had access to the materials "at various times over the last ten months." *Id.* They say he admitted that he had access to the materials before November 13, 2017, "which is over two months after these Defendants filed their Motion for Summary Judgment." *Id.* They also contend that he acknowledged that he had the material "beginning the last week of January 2018." *Id.* They note that he arrived at F.C.I. Allenwood the last week of May 2018 with the material. *Id.* Finally, they observe that he has been able to file numerous motions in this case and in his Cumberland County case during this same interval. *Id.*

9

The Somerset County I Defendants say that the Court set August 13, 2018, as the date for them to file their replies to Mr. Stile's response to their dispositive motions. *Id.* at 3. They fear that if Mr. Stile is granted an extension, they will be required to file supplemental replies to his extended responses, and they object to his being allowed to file his responses in a "piecemeal fashion." *Id.*

### D. The Somerset County II Response

Joining the Somerset County I Defendants, the Somerset County II Defendants also object for the same reasons to Mr. Stile's motion for judicial intervention. *Somerset II Resp.* at 1-2. They note that on July 16, 2018, Mr. Stile filed "an untimely and nonconforming Response to the County's Dispositive Motion." *Id.* at 1. The Somerset County II Defendants filed their reply on July 30, 2018. *Id.* They say that it would be "highly prejudicial to Defendants to permit Plaintiff to supplement his response at this stage of the litigation, after the County has already filed its Reply." *Id.* They contend that the Federal Rules of Civil Procedure and the Local Rules do not contemplate an unending stream of pleadings." *Id.* They say that allowing Mr. Stile to supplement his filings would "only further delay resolution and likely require the County to seek leave to file a sur-reply." *Id.*

### E. The Somerset County III Response

Joining the responses of the Somerset County I and II Defendants, the Somerset County III Defendants note that they filed a motion for summary judgment on September 13, 2017 and that Mr. Stile filed an opposing statement of material fact on December 7, 2017, but that he did not file a responsive memorandum until June

22, 2018, even though his last deadline was May 25, 2018. *Id.* at 1. Even so, the Somerset County III Defendants note that they filed a reply on June 29, 2018. *Id.* They say that at this point, "the summary judgment record as to Defendants Plourd and Jacques should have been closed." *Id.*

The Somerset County III Defendants object to Mr. Stile's request to file additional materials after the summary judgment record is closed. *Id.* at 1-2. If he is allowed to do so, they say they will request leave to file an additional reply to any additional responses by Mr. Stile. *Id.* at 2. They ask the Court to deny Mr. Stile's motions and to rule on their pending motion. *Id.*

### F. David Allen's Response

On August 7, 2018, joining in the responses of Somerset County Defendants I, II and III, Jail Administrator David Allen filed an objection to Mr. Stile's motions. *Allen Resp.* at 1-2. Mr. Allen points out that he filed a motion for summary judgment on September 15, 2017, and Mr. Stile did not timely oppose the motion. *Id.* at 1. Mr. Stile did not file his opposition until July 16, 2018. *Id.* Mr. Allen filed a reply memorandum and reply statement of material facts on July 26, 2018. *Id.* at 2. Mr. Allen contends that the summary judgment record should be deemed closed and the matter fully briefed. *Id.* Mr. Allen argues that Mr. Stile has failed to demonstrate that any of the missing materials relate to his case against Mr. Allen. *Id.*

### G. James Stile's Reply

In Mr. Stile's August 6, 2018 reply, he reiterates his earlier contentions. *Stile Reply* at 1-4. Mr. Stile states that the BOP at F.C.I. Allenwood will release only six

11

CD/DVDs to him every two weeks. *Id.* at 2. Mr. Stile says that he has received only twelve of the CD/DVDs and that BOP Allenwood Unit Manager Rothermel has refused to expedite the process for approval of the remaining CD/DVDs. *Id.* at 2-3. Mr. Stile again complains that the Court has failed to take "proactive action" on his behalf by contacting the legal department at F.C.I. Allenwood. *Id.* at 11. He notes that at the present approval rate, "it will take 6 months to complete the review process by BOP." *Id.*

### III. DISCUSSION

#### A. The Allenwood Legal Department

The Court rejects Mr. Stile's repeated demand that it intervene in his dispute with the BOP by contacting the Legal Department at F.C.I. Allenwood. The Court does not act as Mr. Stile's legal advisor and for the Court to contact and attempt to influence in-house BOP attorneys on behalf of a litigant would violate the Code of Conduct for United States Judges. *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 2 ("A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities"); CANON 3 ("A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently"). The Court refuses to do so, because it may not do so. The Court has previously informed Mr. Stile of this judicial restriction and yet Mr. Stile impugns the Court for failing to take action he knows it may not ethically undertake. *See Order on Mot. for Judicial Intervention* at 2 (ECF No. 463) (1:13-cv-00248-JAW); (ECF No. 210) (2:14-cv-00406-JAW) ("For this Court to intervene on behalf of a litigant in the fashion proposed by Mr. Stile would be highly inappropriate

12

and would violate several provisions of the Code of Conduct for United States Judges.").

### B. The Demanded Telephone Conference

The Court will not schedule a telephone conference with Mr. Stile and defense counsel because it would be a waste of time. Mr. Stile has been at pains to explain his dilemma to the Court and the Court understands it. It would serve no useful purpose to have Mr. Stile reiterate orally what he has already said in writing. It would only delay this much-delayed case.

### C. The Extension Demand

Mr. Stile insists that the Court delay addressing the dispositive motions that have been pending for nearly a year in order to allow him to obtain all of the CD/DVDs in this case. Mr. Stile says that there are seventy-five CD/DVDs and that the BOP at Allenwood is releasing only six CD/DVDs to him every two weeks. This means that Mr. Stile will not have all seventy-five CD/DVDs available to him until some point in February 2019. He claims he is unable to respond adequately to the dispositive motions until he has all seventy-five CD/DVDs in his possession.

The Court disagrees. First, Mr. Stile filed his Complaint against Somerset County on July 1, 2013, and his Complaint against Cumberland County on October 14, 2014. *Compl.* (ECF No. 1) (No. 1:13-cv-00248-JAW); *Compl.* (ECF No. 1) (No. 2:14-cv-00406-JAW). This means his case against Somerset County has been pending for over five years and his case against Cumberland County for nearly four years. Mr. Stile's civil actions are the second and third oldest cases on the Court's docket,

13

the oldest being a complicated environment action involving the clean-up of mercury contamination of the Penobscot River. *See Maine People's Alliance v. Mallinckrodt, Inc.*, No. 00-cv-00069-JAW. The next oldest case on this Judge's docket was filed on June 12, 2015, just over three years. Mr. Stile's cases have become outliers in this Court's efforts to provide speedy justice to civil litigants.

The expeditious resolution of civil actions is not merely desirable, it is essential to civil justice. Civil actions rarely age well. Witness memories fade after four or five years, documents go missing, parties change jobs, become ill, and occasionally pass away. Moreover, Mr. Stile is not the only party in the lawsuit. He elected to file claims against thirty-seven Defendants in the Somerset County case and twenty-one in the Cumberland County case. Although a handful are institutional defendants, almost all are individuals who are entitled to have the civil actions filed against them resolved promptly so that they may go on with their lives.

The Court disagrees with Mr. Stile's premise: to adequately respond to the dispositive motions, he must have actual possession of the CD/DVDs. First, at least as regards the CD/DVDs at Somerset County Jail, the Court carefully and painstakingly viewed many, if not all, of them. *See Stile v. United States, Order Affirming the Recommended Decision of the Magistrate Judge on 28 U.S.C. § 2255 Mot.* at 21-28, 1:11-cr-00185-JAW (ECF No. 692), 1:17-cv-00159-JAW. Mr. Stile acknowledges that the Court itself has access to Defendant's Video Exhibits 1-35, *Pl.'s Second Mot.* at 2, and it is the Court's recollection that the video exhibits contain

numerous distinct episodes. Mr. Stile has not clarified what exists in the CD/DVDs that the Court has not already viewed or that the Court does not have access to.

Second, Mr. Stile merely asserts that there are seventy-five CD/DVDs he needs to possess in order to file adequate responses. *Pl.'s Mot.* at 1 ("Plaintiff arrived here at Allenwood with (75) seventy-five CD/DVD's that are <u>necessary</u> resources to compose and file his responses to dispositive motions in the above docketed cases") (emphasis in original). Mr. Stile does not say precisely what these seventy-five CD/DVDs reveal or why they are necessary to present his defense to the dispositive motions. He should know. He has possessed all seventy-five CD/DVDs at various times since the early fall of 2017. But the Court is left to speculate what these CD/DVDs contain that is so critical to Mr. Stile's cases.

Third and most important, to the extent the CD/DVDs reveal actions within each of the Jails concerning Mr. Stile (and it would be odd if they did not), Mr. Stile was present and can posit through his own memory what occurred. He is a competent witness of his own lived experience, and the CD/DVDs merely document what Mr. Stile experienced. Put differently, if there were no CD/DVDs (as typically there are not), if Mr. Stile was misused as he claims in the cell extractions, he could still testify as to what happened to him. So the so-called missing CD/DVDs are not necessary to resolve whether there are genuine issues of material fact that would preclude the issuance of a judgment in favor of one or more of the Defendants.

In short, the Court will not delay its decisions on the pending dispositive motions because of a dispute not relevant to the resolution of the motions that Mr. Stile is having with the BOP.

## IV. CONCLUSION

The Court DENIES James Stile's Motion for Judicial Intervention (ECF No. 242) (No. 2:14-cv-00406-JAW); (ECF No. 568) (No. 1:13-cv-00248-JAW) and his Motion to Accept Partial Response to Defendants' Motion for Summary Judgment and Allow Record to Remain Open Without Ruling on Dispositive Motion Until Remaining Response and Supplemental Listing of Missing Bate Stamped Exhibits Are Filed with Court (ECF No. 573) (No. 1:13-cv-00248-JAW), and Plaintiff's Motion for Court to Obtain Bate Stamped Materials from Defendants that Plaintiff Cited in his Responses to Dispositive Pleadings (ECF No. 247) (No. 2:14-cv-00406-JAW); (ECF No. 593) (No. 1:13-cv-00248-JAW).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of September, 2018