UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES STILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00248-JAW |
| | ) | |
| SOMERSET COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT DAVID ALLEN'S, RICHARD GARLING'S AND KEITH PLOURD'S SUPPLEMENTAL MOTIONS FOR SUMMARY JUDGMENT**

The Court grants the supplemental motions for summary judgment filed by a jail administrator and two corrections officers in response to an inmate's § 1983 claim that his constitutional rights were violated when the corrections officers imposed monetary fines against him in his absence. Based on the summary judgment record, the Court finds that, contrary to the allegations in the complaint, the inmate—then a pretrial detainee—was in fact present at some of the hearings, and for those hearings, the factual underpinning of the inmate's claim is not substantiated. For the hearings at which the inmate was absent, the inmate failed to exhaust his administrative remedies, which is a prerequisite under the Prison Litigation Reform Act before filing a § 1983 action.

I. BACKGROUND

On July 1, 2013, James Stile filed a § 1983 suit alleging various constitutional

violations and state tort claims against numerous defendants. *Compl.* (ECF No. 1). On August 14, 2014, Mr. Stile filed a self-titled Final Complaint with authorization of this Court. *Am. Compl. Final* (ECF No. 92) (*Final Compl.*); *Order* (ECF No. 86). In Mr. Stile's original and final complaints, he named as Defendants among others, Somerset County Jail Administrator David Allen, and Somerset County Corrections Officers Richard Garling and Keith Plourd. *Am. Compl.* ¶¶ 4-6. In his Final Complaint, he alleged that he was deprived of due process when a disciplinary board of the Somerset County Jail held hearings in his absence and imposed disciplinary segregation and monetary fines in excess of $500.00, which the Jail deducted from his inmate account without due process. *Id.* ¶ 33. Mr. Stile exhausted the available administrative process regarding three of disciplinary hearings conducted by Mr. Garling and Mr. Plourd. *Order on Defs.' Mots. for Summ. J. and Pl.'s Related Mots.*, at 21-22 (ECF No. 601) (*Order*).[1]

On September 28, 2018, the Court issued an extensive order on multiple motions for summary judgment and certain motions that Mr. Stile had filed. *Order*. Addressing Mr. Stile's claim that he had been punished by the imposition of a fine without due process, the Court concluded that the record was too uncertain to allow for a definitive ruling. *Id.* at 44-45. The Court allowed Mr. Garling, Mr. Plourd, and Mr. Allen to file supplemental motions within thirty days to clarify the underlying

---

[1] On October 29, 2018, Mr. Stile filed a notice of appeal to the Court of Appeals for the First Circuit of the Court's September 28, 2018 Order. *See Notice of Appeal* (ECF No. 622). However, the Court dismissed without prejudice the motions for summary judgment filed by Defendants Garling, Plourd and Allen and therefore, Mr. Stile's pending appeal does not touch on the supplemental motions for summary judgment and the Court may act, even though a part of the case is now on appeal.

facts. *Id.* at 56. All three Defendants filed supplemental motions for summary judgment on the disciplinary hearing issue.

## II. THE SUPPLEMENTAL MOTIONS

### A. Richard Garling's Supplemental Motion

On October 23, 2018, Richard Garling filed a supplemental motion for summary judgment and a statement of material facts. *Def. Garling's Supp. Mot. for Summ. J.* (ECF No. 614) (*Garling Supp. Mot.*); *Statement of Material Facts in Support of Defs.' Mot. for Summ. J.* (ECF No. 615 (*Garling* SMF). Mr. Stile has not responded to Corrections Officer Garling's supplemental motion for summary judgment.

### B. Keith Plourd's Supplemental Motion

On October 25, 2018, Keith Plourd filed a supplemental motion for summary judgment and a statement of material facts. *Def. Keith Plourd's Supp. Mot. for Summ. J.* (ECF No. 616) (*Plourd Supp. Mot.*); *Def. Keith Plourd's Statement of Material Facts* (ECF No. 617) (*Plourd* SMF). Mr. Stile has not responded to Corrections Officer Plourd's supplemental motion for summary judgment.

### C. David Allen's Supplemental Motion

On October 27, 2018, David Allen filed a supplemental motion for summary judgment and a statement of material facts. *Def. David Allen's Supp. Mot. for Summ. J.* (ECF No. 619) (*Allen Supp. Mot.*); *Statement of Material Facts in Support of Def. David Allen's Supp. Mot. for Summ. J.* (ECF No. 620) (*Allen* SMF). Mr. Stile has not responded to Mr. Allen's supplemental motion.

### D. James Stile's Failure to Respond

After the Defendants filed these three supplemental motions for summary judgment, the Court tugged hard on them, deliberately waiting an extended period for Mr. Stile to file a response. He has not. His response was due November 13, 2018 to Mr. Garling's motion, November 15, 2018 for Mr. Plourd's motion, and November 19, 2018 for Mr. Allen's motion. An experienced and relentless pro se litigator, Mr. Stile has made twelve filings (not counting duplicates) with this Court since November 19, 2018 in this and other cases. *Stile v. Somerset County* (*Mot. for Recons.* (Nov. 1, 2018) (ECF No. 626); *Omnibus Mot. of Pl.* (Jan. 14, 2019) (ECF No. 631); *Mot. for Disqualification of Defense Counsel Wheeler & Arey, P.A., Peter T. Marchesi and Cassandra Shaffer* (Jan. 15, 2019) (ECF No. 632); *Mot. to Extend Deadlines by Fourteen Days* (Jan. 18, 2019) (ECF No. 633); *Mot. for Enforcement of Protective Orders & Confidentiality Orders* (Jan. 22, 2019) (ECF No. 635)); *United States v. Stile*, 1:11-cr-00185-JAW, (*Reply to Resp. to Mot. for Order for Gov't to Produce Victims Affs.* (Nov. 29, 2018) (ECF No. 705); *Mot. for Appointment of Counsel and Mot. for Hr'g as to Supervised Release Conditions in Excess of J.* (Dec. 18, 2018) (ECF No. 707); *Mot. to Seal Order* (Dec. 26, 2018) (ECF No. 708); *Mot. for Court to Order Gov't/Probation Office to Dispense with Sworn Aff. Submitted by Hanover Ins.* (Dec. 26, 2018) (ECF No. 709); *Mot. for Writ of Audita Querela Pursuant to 28 U.S.C. Section 1651 to Vacate and Correct Restitution Portion of this Court's J.* (Jan. 14, 2019) (ECF No. 713); *Reply to Resp. to Mot. to Appoint Counsel* (Jan. 18, 2019) (ECF No. 714); *Mot. for Modification of Conditions of Supervised Release and J.* (Jan. 18, 2019) (ECF No. 715); *Mot. to Extend Deadline for Fourteen Days* (Jan. 18, 2019) (ECF No. 716)); *Stile*

4

*v. Cumberland County*, 2:14-cv-00406-JAW, (*Omnibus Mot. of Pl.* (Jan. 14, 2019) (ECF No. 271); *Mot. for Disqualification of Defense Counsel Wheeler & Arey, P.A., Peter T. Marchesi and Cassandra Shaffer* (Jan. 15, 2019) (ECF No. 272); *Mot. to Extend Deadlines by Fourteen Days* (Jan. 18, 2019) (ECF No. 273); *Mot. for Enforcement of Protective Orders & Confidentiality Orders* (Jan. 22, 2019) (ECF No. 275)). As Mr. Stile has had the obvious ability, had he chosen to do so, to file responses to these motions, the Court proceeds ahead with them. Despite Mr. Stile's failure to respond, the Court must still assure itself that these Defendants are entitled, as they claim, to summary judgment in their favor. *See NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 8 (1st Cir. 2012).

## III.   STATEMENTS OF FACTS

### A.   Richard Garling's Statement of Facts

On October 12, 2011, Richard Garling conducted two disciplinary hearings concerning James Stile. *Garling* SMF ¶ 1. Mr. Stile was present for both hearings. *Id.* One of the October 12, 2011 hearings conducted by Mr. Garling was for Charge No. 11-616-DI. *Id.* ¶ 2. This was for a violation of B-13 provocation for allegedly writing on a medical request, "Ibuprofen huh: I'll remember to recommend an aspirin when you have a gunshot wound you sadistic bastards." *Id.* Mr. Stile pleaded not guilty. *Id.* He acknowledged making the statement but said it was out of context. *Id.* Mr. Garling found Mr. Stile guilty and assessed a penalty of two days cell restriction. *Id.* He did not assess a fine. *Id.*

The second October 12, 2011 hearing conducted by Mr. Garling was for Charge

5

Number 11-617-DI. *Id.* ¶ 3. This was for a violation of C-4 giving, receiving or swapping for having items in his possession that he did not have receipts for. *Id.* Mr. Stile pleaded guilty and Mr. Garling assessed a fine of $5.00, which Mr. Garling suspended. *Id.*

Mr. Garling conducted a third disciplinary hearing regarding Mr. Stile on January 12, 2012. *Id.* ¶ 4. Mr. Garling went to Mr. Stile's cell door and asked him if he wanted to be present for the hearing. *Id.* Mr. Stile refused. *Id.* At the January 12, 2012 hearing, based on the officers' reports, Mr. Garling found Mr. Stile guilty of violation B-13 provocation in disciplinary case #12-16-DI. *Id.* ¶ 5. Mr. Garling assessed Mr. Stile a penalty of ten days in disciplinary segregation following his release from administrative segregation. *Id.* ¶ 6. He did not assess a fine of any amount. *Id.* The two October 12, 2011 and one January 12, 2012 hearings are the only disciplinary hearings that Mr. Garling conducted concerning Mr. Stile. *Id.* ¶ 7.

An inmate may appeal the decision of a disciplinary hearing officer to the Jail Administrator within ten days of the disciplinary hearing. *Id.* ¶ 8. At the time of these decisions, to appeal a disciplinary hearing decision, the inmate had to submit an Appeal of Disciplinary Hearing Decision form to Gary Crafts, Special Projects Officer, for the Jail Administrator or designee to answer. *Id.* The decision of the Jail Administrator is final and may not be appealed. *Id.* ¶ 9. Mr. Stile appealed three disciplinary hearings. *Id.* ¶ 10. He appealed the October 12, 2011 Richard Garling hearing for infraction number 11-616-DI and the September 26, 2012 Keith Plourd hearings for infractions numbers 12-776-DI and 12-781-DI. *Id.*

## B. Keith Plourd's Statement of Facts

On September 26, 2012, Keith Plourd conducted two disciplinary hearings concerning James Stile: 12-781-DI and 12-776-DI. *Plourd* SMF ¶ 1. Mr. Stile was not present at either hearing because he was not in the Somerset County Jail at the time. *Id.* The September 26, 2012 hearings are the only hearings that Mr. Plourd conducted concerning Mr. Stile. *Id.* ¶ 2.

On April 12, 2013, Mr. Stile filed appeals of the two disciplinary hearings that Mr. Plourd conducted on September 26, 2012. *Id.* ¶ 3. Mr. Plourd did not deny the appeals. *Id.* Sean Maguire had been employed at the Somerset County Jail since August 26, 2007 and between August 26, 2017 and June 17, 2015, his title was Compliance Manager. *Id.* ¶ 4. On July 10, 2013, Mr. Maguire denied Mr. Stile's appeals of the disciplinary hearing decisions in cases 12-781 and 12-776 because the appeal was filed beyond the appeal deadline. *Id.* ¶ 5.

## C. David Allen Statement of Facts

Mr. Allen adopted the statements of fact submitted by Mr. Garling and Mr. Plourd. *Allen* SMF ¶¶ 1-9. Mr. Allen did not rule on Mr. Stile's appeals from numbers 12-776-DI and 12-781-DI. *Id.* ¶ 8. Mr. Maguire's denial of Mr. Stile's appeals is consistent with the Somerset County Jail policy, which authorizes a designee of the correctional administrator to review and resolve appeals. *Id.* ¶ 10. Mr. Allen did not conduct any disciplinary hearings pertaining to Mr. Stile. *Id.* ¶ 11.

## IV. THE DEFENDANTS' POSITIONS

### A. Richard Garling's Memorandum of Law

The only remaining claim against Richard Garling is "Mr. Stile's due process claims stemming from his monetary fine." *Garling's Supp. Mot.* at 2 (quoting *Order* at 56). Mr. Garling says that he conducted three disciplinary hearings regarding Mr. Stile and Mr. Stile was present for two of them. *Id.* At the one hearing where Mr. Stile was not present, Mr. Garling did not impose a fine. *Id.* Mr. Stile appealed only the October 12, 2011 hearing regarding infraction number 11-616-DI; he did not appeal the hearing on 11-617-DI for which Mr. Garling imposed a suspended $5.00 fine and he did not appeal the January 12, 2012 discipline. *Id.* at 3-4. Accordingly, Mr. Garling maintains that Mr. Stile failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *Id.* at 3-4. Furthermore, Mr. Garling points out that Mr. Stile's theory against him is that Mr. Garling imposed a fine against him when he was not present, a claim not grounded in fact, because Mr. Garling never imposed a fine on Mr. Stile at a hearing where he was absent. *Id.* at 4.

### B. Keith Plourd's Memorandum of Law

Mr. Plourd says that the PLRA bars Mr. Stile's claim against him because Mr. Stile failed to timely exhaust administrative remedies. *Plourd Mot.* at 2. He notes that Mr. Stile's appeal of the Plourd discipline was rejected as untimely and therefore, he maintains that Mr. Stile's lawsuit against him violates the exhaustion requirement of the PLRA. *Id.*

### C. David Allen's Memorandum of Law

Mr. Allen echoes the points raised by Mr. Garling and Mr. Plourd. *Allen Mot.*

8

at 4-9. He claims that Mr. Stile's § 1983 complaint against him is barred by Mr. Stile's failure to exhaust administrative remedies. *Id.* at 4-6. He also says that in any event, he cannot be held as a supervisor under § 1983 based on respondeat superior. *Id.* at 6. Instead, to prove a claim against a supervisor, Mr. Stile would have to prove deliberate indifference to a grave risk of harm, the supervisor's actual or constructive knowledge of that risk and his failure to take easily available measures to address the risk. *Id.* at 7-8. In any event, Mr. Allen says, he is protected by qualified immunity. *Id.* at 8-9.

## V. DISCUSSION

### A. Richard Garling

Taking Mr. Garling's material facts as true, he is entitled to summary judgment in his favor. Regarding the October 12, 2011 hearings, Mr. Stile was present at both hearings and, although Mr. Garling imposed a $5.00 fine at one hearing, he suspended the fine. The gravamen of Mr. Stile's Final Complaint was that the Defendants "held disciplinary hearings without the plaintiff present thereby denying him his right to call witnesses and speak in his own defense." *Final Compl.* ¶ 33. As Mr. Stile was present at the October 12, 2011 hearings, Mr. Garling has effectively rebutted the factual underpinning of Mr. Stile's claim for those disciplinary hearings.

As to the January 12, 2012 disciplinary hearing, skipping over whether Mr. Stile's refusal to attend the hearing waived his right to complain about non-attendance, Mr. Garling did not impose a fine and critically Mr. Stile did not appeal

9

Mr. Garling's disciplinary segregation order. Section 1997e(a) of title 42 provides:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Booth v. Churner*, 532 U.S. 731 (2001), the United States Supreme Court wrote that the "'available' 'remedy' must be 'exhausted' before a complaint under § 1983 may be entertained." *Id.* at 738. "[W]e think," the *Booth* Court concluded, "that Congress has mandated exhaustion clearly enough, regardless of the relief through administrative procedures." *Id.* at 741. In the words of the First Circuit, "[e]xhaustion is mandatory." *Johnson v. Thyng*, 369 F. App'x. 144, 146 (1st Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). In short, "[t]o properly exhaust administrative remedies, a prisoner must complete the prisoner grievance procedures." *Id.* at 147 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

As the record reveals that Mr. Stile was present at the October 12, 2011 hearings and that he failed to exhaust his administrative remedies regarding the January 12, 2012 disciplinary hearing, Mr. Garling is entitled to summary judgment on Mr. Stile's remaining § 1983 claim.

### B. Keith Plourd

Mr. Stile's claims against Mr. Plourd are similarly barred due to the exhaustion requirement. Mr. Stile waited from September 26, 2012 to April 12, 2013 to appeal Mr. Plourd's September 26, 2012 sanctions and his attempted appeal was denied as untimely. The First Circuit quoted the Supreme Court as saying that "it is

10

the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion." *Johnson*, 369 F. App'x. at 147 (quoting *Jones*, 549 U.S. at 218). The Supreme Court has interpreted the term, "proper exhaustion," to mean "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of the proceeding." *Woodford*, 548 U.S. at 90-91; *Ruffin v. Knowlton*, No. 2:17-cv-00152-LEW, 2019 U.S. Dist. LEXIS 6867, at *12 (D. Me. Jan. 15, 2019).

Based on the summary judgment record before the Court, Mr. Stile's claims against Mr. Plourd are barred because he failed to properly exhaust administrative remedies.

### C. David Allen

Mr. Stile's claims against Mr. Allen are subsumed by the results of his claims against Mr. Garling and Mr. Plourd. As the Court has resolved those claims against Mr. Stile, his claims against Mr. Allen, which are derivative of his claims against Mr. Garling and Mr. Plourd, must suffer the same fate. *Ramirez-Lluveras v. Rivera-Merced*, 759 F.3d 10, 19 (1st Cir. 2014) ("There are a number of clear rules governing supervisory liability under § 1983. First, the subordinate's behavior must have caused a constitutional violation . . . ."); *Welch v. Ciampa*, 542 F.3d 927 (1st Cir. 2008) ("A supervisor who does not participate in the alleged [constitutional violation] 'can be held liable . . . only if (1) the behavior of his subordinates results in a constitutional violation . . . .") (some alterations in original) (quoting *Hegarty v. Somerset Cnty.*, 53 F.3d 1367, 1379-80 (1st Cir. 1995)).

11

Furthermore, to prove a constitutional violation against a supervisor, the claimant must show "an affirmative link between the behavior of a subordinate and the action or inaction of his supervisor exists such that the supervisor's conduct led inexorably to the constitutional violation." *Morales v. Chadbourne*, 793 F.3d 208, 221 (1st Cir. 2015) (quoting *Maldonado v. Fontanes*, 568 F.3d 263, 275 (1st Cir. 2009)). A plaintiff may establish that "affirmative link" by alleging that the supervisor was "a primary violator or direct participant in the rights-violating incident." *Id.* (quoting *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009)). Mr. Stile makes no allegations that fall within the ambit of this prong. He does not allege that Mr. Allen was himself directly involved in the disciplinary hearings that Mr. Garling and Mr. Plourd held and the sanctions they imposed.

Thus, to impose supervisory liability on Mr. Allen, Mr. Stile would have to demonstrate that Mr. Allen as a "responsible official," "supervise[d], train[ed] or hire[d] a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights violation." *Id.* (quoting *Sanchez*, 590 F.3d at 49). To prove deliberate indifference, "the supervisor must have 'actual or constructive knowledge' of a 'grave risk of harm' posed by the subordinate and fail to take 'easily available measures to address the risk.'" *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (quoting *Camilo-Robles v. Hoyos*, 151 F.3d 1, 6-7 (1st Cir. 1998)). The record does not reveal any evidence that Mr. Allen was deliberately indifferent under the law.

The Court concludes that Mr. Allen is entitled to summary judgment in his

favor.

## VI. CONCLUSION

The Court GRANTS the Defendant Garling's Supplemental Motion for Summary Judgment (ECF No. 614), Defendant Keith Plourd's Supplemental Motion for Summary Judgment (ECF No. 616), and Defendant David Allen's Supplemental Motion for Summary Judgment. (ECF No. 619).

SO ORDERED.

                                           <u>/s/ John A. Woodcock, Jr.</u>
                                           JOHN A. WOODCOCK, JR.
                                           UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2019