UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES STILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:13-cv-00248-JAW |
| | ) |
| SOMERSET COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Court denies a plaintiff's motion for reconsideration of an order of summary judgment because he failed to demonstrate that the order contains a manifest error of law or fact. The Court also rejects the plaintiff's demand that the Court recuse itself from his cases because he has not met the standards for recusal.[1]

I.  **BACKGROUND**

On July 1, 2013, James Stile filed a § 1983 suit alleging various constitutional

---

[1] With Mr. Stile's appeal still pending before the Court of Appeals for the First Circuit, there is a question of whether the Court has been divested of jurisdiction. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam) *superseded on other grounds* by FED. R. APP. P. 4(a)(4)(B). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 505 (1st Cir. 1997) (internal punctuation and citation omitted). However, "the rule that either the trial or the appellate court—but not both—may have jurisdiction over a case at any given point in time admits of some exceptions." *United States v. Brooks,* 145 F.3d 446, 456 (1st Cir. 1998).

Here, Mr. Stile filed a motion for reconsideration effectively pursuant to Maine District Court Local Rule 7(f), which allows a party to move for reconsideration of an interlocutory order based on a claim of manifest error of fact or law. D. ME. LOC. R. 7(f). The Court is acting on the motion for reconsideration despite Mr. Stile's appeal because it will provide the Court of Appeals with a final ruling and, moreover, with the resolution of this motion, the Court will issue a final judgment from which Mr. Stile, if he chooses to do so, may clearly appeal. *See United States v. Torres-Oliveras*, 583 F.3d 37, 44 (1st Cir. 2009).

violations and state tort claims against Somerset County and numerous individual defendants employed at the Somerset County Jail. *Compl.* (ECF No. 1). On August 14, 2014, Mr. Stile filed an Amended Complaint with authorization of this Court, except as to the "medical defendants" and corrections officer Simonds. *Am. Compl. Final* (ECF No. 92) (*Final Compl.*); *Order* (ECF No. 86).

On September 28, 2018, the Court granted in part and dismissed in part the Defendant's respective motions for summary judgment, dismissing most but not all of Mr. Stile's claims. *Order on Defs.' Mots. for Summ. J. and Pl.'s Related Mots.* (ECF No. 601) (*Somerset County Order*). On October 15, 2018, Mr. Stile filed a motion for an extension of time to file a notice of appeal, *Mot. for Extension of Time to File Notice of Appeal Pending Outcome of Pl. Mot. for Recons. of J. Order of the Court* (ECF No. 607), which the Court denied October 26, 2018. *Order on Mots. to Extend Time Within Which to File Notices of Appeal* (ECF No. 618). On October 29, 2018, Mr. Stile filed a notice of appeal. *Notice of Appeal* (ECF No. 622).

Two days later, on November 1, 2018, Mr. Stile filed his motion for reconsideration. *Mot. for Recons. on Order of Summ. J. of Court* (ECF No. 626) (*Pl.'s Mot.*). On November 16, 2018, Somerset County and former Somerset County Sheriff Barry DeLong filed their response to Mr. Stile's motion for reconsideration. *Defs.' Somerset County and Delong's Obj. to Pl.'s Mot. for Recons.* (ECF No. 628) (*Somerset County Opp'n*). On November 19, 2018, the Defendants, except Somerset County, Delong, Allen, Mayhew, Welch, Jacques, Plourd, and Kline, filed their opposition to Mr. Stile's motion for reconsideration. *Defs.' Opp'n to Pl.'s Mot. for Recon.* (ECF No.

629) (*Majority Defendants' Opp'n*). The next day, Defendant Allen filed his opposition to Mr. Stile's motion for reconsideration. *Def. David Allen's Obj. to Pl.'s Mot. for Recons.* (ECF No. 630) (*Def. Allen Opp'n*).

## II. DISCUSSION

### A. Procedural Issues

Although Mr. Stile titles his motion a motion for reconsideration, he does not identify under what rule he brings his motion. The Somerset County Order was not a "final judgment" because it did not resolve all the claims by all the parties in this suit. *See Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (internal quotation marks omitted)); *Guillemard-Ginorio v. Contreras-Gomez*, 490 F.3d 31, 37 n.4 (1st Cir. 2007) (acknowledging that, absent certification under FED. R. CIV. P. 54, an order granting partial summary judgment does not satisfy the requirements for appellate jurisdiction"); *Widi v. McNeil*, No. 2:12–cv–00188–JAW, 2014 WL 4987969, *5 (D. Me. Oct. 7, 2014). As a result, Mr. Stile's motion cannot be brought under either Federal Rules of Civil Procedure 59(e) or 60 because the Somerset County Order was not a final judgment, and the Court has not directed entry of a final judgment on any claims pursuant to Federal Rule of Civil Procedure 54(b). *See Barrows v. Resolution Trust Corp.*, 39 F.3d 1166, at *3 (1st Cir. 1994) (table opinion) (Rule 59(e) "applies only to final judgments"); *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 874 (1st Cir. 1990) ("Rule 60 applies only to final judgments"); *Widi*, 2014

3

WL 4987969, at *5.

> Mr. Stile's motion must fall under the District of Maine's Local Rule 7:
>
> A motion to reconsider an interlocutory order of the Court, meaning a motion other than one governed by Fed. R. Civ. P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law and shall be filed within 14 days from the date of the order unless the party seeking a reconsideration shows cause for not filing within that time.

D. ME. LOC. R. 7(f). As the Court issued its order on September 28, 2018, a motion for reconsideration under Rule 7(f) was due on or before October 12, 2018. Mr. Stiles' motion for reconsideration—dated October 25, 2018, *Pl.'s Recons. Mot.* at 4—was docketed on November 1, 2018. Both fall outside of Local Rule 7(f)'s fourteen day filing period, and ordinarily, the Court would dismiss the motion for reconsideration as untimely.

However, Mr. Stile is incarcerated, and it is not clear when he received the Court's order; this impacts calculations under the "prisoner mailbox rule" and whether his motion was timely. *See Houston v. Lack*, 487 U.S. 266 (1988); *Casanova v. Dubois*, 304 F.3d 75, 78-79 (1st Cir. 2002). Even though Mr. Stile's motion may well be untimely and even though Mr. Stile has not otherwise shown cause for not filing within Local Rule's 7(f)'s timeframe, the Court will address the merits of his motion given its uncertainty as to the timeliness of his motion.

### B. James Stile's Objections

Mr. Stile's arguments for why the Court should rescind its Somerset County Order largely track three bases: (1) the Court failed to consider his responses to the Defendants' motions of summary judgment which show he was "thwarted" from

4

exhausting his administrative remedies; (2) the Court erred in determining that he had failed to provide notice of his tort claims under the Maine Tort Claims Act (MTCA); and (3) the Court is biased against him and should recuse itself from his case. *See generally Pl.'s Mot.* 1-28.

### 1. James Stile's Thwarted Argument

Mr. Stile argues that he was prevented from exhausting his administrative remedies while at Somerset County Jail and that his responses, and related attachments, to the Defendants' motions for summary judgment show that he was "thwarted" from exhausting those remedies. *See Pl.'s Mot.* 1-8. The majority of Mr. Stile's argument stems from Mr. Stile's response to Defendants Plourd's and Jacques' motion for summary judgement. *Defs. Plourd's and Jacques's Mot. for J. on the Pleadings and for Summ. J.* (ECF No. 434) (*Plourd/Jacques Mots.*); *Resp. in Opp'n to Defs. Plourd's and Jacques's Mot. for J. on the Pleadings and Summ. J.* (ECF No. 554) (*Resp. to Defs. Plourd's and Jacque's Mots.*). In the Somerset County Order, the Court explained that Mr. Stile's responses, including the response to Defendants Plourd's and Jacques' motion for summary judgment, contained various procedural deficiencies and did not properly comply with the rules. *Somerset County Order* at 6-10 ("However, by failing to file the required response within the time prescribed by the applicable local rule, the non-moving party waives the right to controvert the facts asserted by the moving party in the motion for summary judgment and the supporting materials accompanying it") (internal quotation marks and alterations omitted) (quoting *NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 8 (1st Cir. 2012)

(citation omitted)); *id* at 10 ("If the Court . . . applied the rules strictly against [Mr. Stile], the Defendants would prevail in every motion, because Mr. Stile failed to comply with the Local Rules in presenting his responses . . . the Court treated his two complaints . . . as affidavit equivalents, to frame his position in this suit"). The Court could have ended its factual analysis there, accepted what the Defendants had presented, and ruled solely on their facts as a matter of law, a result that would have been a death knell to Mr. Stile's lawsuit.

However, as the Court wrote, "in an effort to be fair (perhaps excessively so) to Mr. Stile," the Court looked to Mr. Stile's two Complaints, which the Court viewed as "affidavit equivalents, to frame his suit."[2] *Id.* at 10. Neither Complaint, however, illustrated that Mr. Stile was "thwarted" from filing grievances or that he properly exhausted his administrative remedies. The information Mr. Stile asserts in his motion for reconsideration was previously available to him, but he failed to properly present it to the Court; such contentions are not a proper basis to grant a motion for reconsideration. *See Murphy v. Corizon*, No. 1:12-cv-00101-JAW, 2012 WL 5258492, at *3 (D. Me. Oct. 24, 2012) (quoting *Fabrica de Muebles J.J. Álvarez, Incorporado v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 31 (1st Cir. 2012) (quoting *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) ("A motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not

---

[2]   This conclusion was itself generous to Mr. Stile. At the end of Mr. Stile's Complaint and Final Complaint are the seals of notary publics, each of which state "**Sworn to before me**." *Compl.* at 23; *Final Compl.* at 32 (emphasis in originals). Neither attestation specifies whether Mr. Stile is swearing that the alleged facts are true to his personal knowledge, whether he is swearing that the alleged facts are true to the best of his knowledge and belief, whether he is swearing that he is making the allegations as his free act and deed. The Court, nevertheless, assumed that Mr. Stile was attesting to the truth of the alleged facts based on his personal knowledge.

6

allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment")))

Mr. Stile also argues the Court erred in considering the Somerset County Jail grievance policy as being applicable to the claims against the Majority Defendants because it was the County Defendants who presented the policy. *Pl.'s Mot.* at 7-8. To support his argument, Mr. Stile cites *Goodwin v. Medpro Associates.*, No. 1:12-cv-00371-JCN, 2014 LEXIS 125579 (D. Me. Sept. 9, 2014). *Id.* at 7-8. However, in *Goodwin*, the court stated "[t]he summary judgment record does not include *any* SCJ policy advising prisoners of the level three process." *Id.* at *16 (emphasis added). In contrast, the record here contains the relevant Somerset County jail policy.

Moreover, although the Majority Defendants did not file an actual copy of the grievance policy, the Majority Defendants provided affidavits attesting to the details and procedures of the grievance policy. *See Statement of Material Facts in Support of Defs.' Mot. for Summ. J.*, ¶¶ 599-605 (ECF No. 432) (Majority DSMF); Majority DSMF, Aff. of Gary Crafts (ECF No. 432-14); *Additional Attach.*, Aff. of Ryan Anderson (ECF No. 433-27). In the past, this Court has reviewed corrections officers' affidavits outlining corrections facilities' policies to determine whether a prisoner has properly exhausted their administrative remedies without the actual policy. *See Belskis v. Somerset Cty.,* No. 1:15-cv-00091-JAW, 2017 WL 835163, at *6 (D. Me. Mar. 2, 2017), *aff'd,* No. 1:15-cv-00091-JAW, 2017 WL 4082679 (D. Me. Sept. 15, 2017); *McKenney v. Rubashkin*, No. 2:15-cv-00169-GZS, 2016 WL 3023822, at *4 (D. Me. Apr. 26, 2016), *report and recommendation adopted*, No. 2:15-cv-169-GZS, 2016 WL

3029946 (D. Me. May 25, 2016). Doing so in Mr. Stile's case is not, in the Court's view, legal error.

### 2. The Maine Tort Claims Act

Mr. Stile reasserts that the Court erred in its conclusion that Mr. Stile did not properly comply with the MTCA. *Pl.'s Mot.* at 8-12. However, the Court previously considered and rejected Mr. Stile's argument. Mr. Stile says he mailed a letter entitled "Notice of Main Tort Claims Act", *Resp. to County Defs.' Mot. for J. on the Pleadings and for Summ. J.*, Attach. A-1 (ECF No. 566-2), to the Defendants and that he never received a response, and that then he followed the instructions of the Somerset County Superior Court. *Pl.'s Mot.* at 9-10 (Attach. A-2). Mr. Stile claims that this should be enough to show he gave notice under the MTCA. *Id.* at 10.

As the Court explained, "[a] review of Mr. Stile's allegations show that he primarily complains of conduct by the Defendants from September 2011 to February 1, 2012, as well as during a few days in September 2012, May 2013, and from September 24, to September 30, 2013." *Somerset County Order* at 48. For the September 2011 to February 1, 2012 claims, "[t]he record does not show that the Defendants were served notice pursuant to this letter. This is a not a mere inaccuracy, but a fundamental failure of notice . . . ." *Id.* at 49.

Mr. Stile also points to the letter he sent a law firm in December 2012 to illustrate that he provided notice. *Pl.'s Mot.* at 11. The Court considered this letter and stated in light of its contents that it "is unable to conclude that this notice sent to this law firm is not substantially compliant given that it also states it was 'sent to

8

Somerset County.'" *Somerset County Order* at 51. Instead, as to those claims, the Court determined that the Defendants were entitled to qualified immunity. *Id.* at 51-54.

### 3. Judicial Bias

Lastly, Mr. Stile claims I am biased against him and I have displayed this bias in my handling of his criminal and civil proceedings. *Pl.'s Mot.* at 13-28. I soundly reject his claim. Mr. Stile's claims of bias all arise from his cases before me. The United States Supreme Court has long held that "the alleged bias and prejudice to be disqualifying . . . must stem from an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 545 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." *Id.* at 555. I reviewed his allegations of bias and view my rulings as based on the law and as correct as I understand the law. Mr. Stile has presented no proper basis for me to recuse myself from his cases. *In re Bulger*, 710 F.3d 42, 46-47 (1st Cir. 2013) (Souter, J.) ("[T]he defendant's claim and its implications cannot themselves alone suffice to require the judge's recusal, lest the law confer a veto power on the assignment of his trial judge").

## III. CONCLUSION

The Court DENIES James Stile's Motion for Reconsideration on Order of Summary Judgment of Court (ECF No. 626).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2019